STATE of Arkansas *v.* ONE 1993 TOYOTA CAMRY, VIN. No. 4T1SK12EXPU283054

97-1394                                                     969 S.W.2d 663

Supreme Court of Arkansas
Opinion delivered June 11, 1998

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellant.

No response.

TOM GLAZE, Justice. In this appeal, we are called upon to interpret Ark. Code Ann. § 5-64-505(a)(4)(ii) (1997). Section 5-64-505(a) provides for the forfeiture of vehicles and other conveyances when they are used to transport controlled substances. Subsection (a)(ii) of the statute generally provides what an owner of a

vehicle that was used to transport drugs must show to prevent the vehicle's forfeiture. The trial court denied forfeiture in this case, and the State brings this appeal under Ark. Code Ann. § 16-106-109(a) (1997), which authorizes the State to prosecute appeals as a civil litigant. We have designated *in rem* forfeiture actions, such as the one now before us, civil proceedings. *See Sims v. State*, 326 Ark. 296, 930 S.W.2d 381 (1996); *see also State v. Gray*, 322 Ark. 301, 908 S.W.2d 642 (1995).

This case arose from the State's controlled purchase of cocaine from an individual named Travis Jones. Jones used a 1993 Toyota Camry vehicle owned by his girlfriend, Latoria Thomas, when he sold the cocaine. After the drug transaction, authorities obtained a search warrant of Jones's residence. Initially, Jones was not present when the officers began executing the search warrant. During the search, however, Jones drove by in the 1993 Toyota Camry. The officers asked Jones to stop, but he sped off. Jones was later stopped and searched. Officers found six plastic bags of cocaine-based drugs in the car. It was also determined that the car was registered to Latoria Thomas at Jones's house address.

The State subsequently filed this case, seeking forfeiture of the Toyota Camry under § 5-64-505(a)(4). Thomas answered, whereby she denied that she gave Jones permission to use her car, or that she had knowledge that the vehicle had ever contained drugs. She additionally denied any knowledge that the vehicle had been used to transport drugs. The trial court held a hearing on the State's petition at which the State presented the testimony of three officers — one who had worked the earlier drug buy and executed the search warrant, and the two responsible for stopping Jones and searching the Camry. Thomas testified, asserting her innocent knowledge of Jones's illegal use of her car. The trial court denied the State's petition for forfeiture and ordered the State to release the vehicle to Thomas, from which the State filed its notice of appeal. We note that Thomas makes no appearance in this appeal, and files no brief.

The State asserts that, for it to obtain forfeiture of Thomas's Toyota Camry under § 5-64-505(a)(4), it was required only to show that the Camry had been used to transport drugs. After the

State presented this proof, it contends, under § 5-64-505(a)(4)(ii), Thomas, as owner of the car, had to go forward and show (1) that she had no knowledge of the car's illegal use, *and* (2) that Jones, who had possession of the car with Thomas's permission, had no such knowledge as well. The trial court rejected the State's construction of the statute, stating that such a construction "would make it too easy for property that people have worked for and paid for to be seized and taken from them." The trial court continued, "Even if there is someone who's using their vehicle for some illegal purpose, I don't think the owner can control the use of their property when they've allowed someone to use it not knowing what the people are going to do."[1]

■ ■ In construing forfeiture provisions, as those set out above, we are to construe them narrowly because they are penal in nature. *Beebe v. State*, 298 Ark. 119, 765 S.W.2d 943 (1989). However, even penal statutes will not be construed to reach absurd results. *Dollar v. State*, 287 Ark. 61, 697 S.W.2d 868 (1985). We conclude the statutory forfeiture provisions at issue here clearly set out the burdens of proof that the State initially and an owner in defense must meet. In this respect, the State, under § 5-64-505(a)(4), was required to show that the Toyota Camry was used to transport illegal drugs for sale purposes. Here, the State met its burden, offering unrebutted evidence that showed Jones had possessed and sold illegal drugs while using Thomas's vehicle. After the State met its burden, Thomas, to avoid her

---

[1] The relevant text of § 5-64-505(a)(4)(ii) reads as follows:

(a)  The following are subject to forfeiture:

(4)  All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in subdivision (a)(1) or (2), but:

\*       \*       \*

(ii)  *No* conveyance is subject to *forfeiture* under this section by reason of any *act* or omission *established by the owner* thereof to have been *committed* or omitted *without his knowledge* or consent and *without the knowledge* or consent *of anyone having possession*, care, or control *of the conveyance with the owner's permission*;

\*       \*       \*

(Emphasis added.)

vehicle's forfeiture, was then required under 505(a)(4)(ii) to show (1) the forfeitable acts or omissions occurred without her knowledge or consent *and* (2) such acts or omissions occurred without the knowledge or consent of Jones, who had Thomas's permitted possession of her car.

In the instant case, Thomas testified that she never gave Jones permission to drive her car, but the trial court apparently disbelieved Thomas's testimony and expressly found that Jones had her permission.[2] The trial court erred, however, when it ruled that the forfeiture statute did not compel Thomas to show not only that she lacked knowledge that her car was illegally used to transport drugs, but also

In conclusion, we mention for comparative purposes, the federal government's forfeiture law, 21 U.S.C. § 881, which is similar, but, at the same time, significantly different from our § 5-64-505. Like Arkansas law, § 881(a)(4) provides that a vehicle used to transport a controlled substance for the purpose of sale is subject to forfeiture, and it is the government's burden to prove this prohibited use of the vehicle. *See One Blue 1977 AMC Jeep CJ-5 v. United States*, 783 F.2d 759 (8th Cir. 1986). Once the government shows that such a drug violation occurred through the use of the subject vehicle, the vehicle's owner must then demonstrate by a preponderance of the evidence that the property is not subject to forfeiture, or that a defense to forfeiture applies. *Id.* at 761.

Again, like Arkansas's forfeiture law, § 881(c) provides that the owner claiming the property has the right to the return of it by showing he or she had no knowledge of the vehicle's illegal use. But, unlike Arkansas's § 5-64-505(a)(4)(ii), § 881(B) only requires the owner to show that the illegal drug use of the car

---

[2] Although Thomas denied she had given Jones permission to drive her car on the day he used it illegally, the trial court apparently did not believe her, because she conceded Jones had previously driven the car, and she admitted that she kept her keys hung on a rack in the kitchen of their house.

occurred when the vehicle was in another's unlawful possession.[3] In other words, the federal law does not require the owner to prove that the person in possession had no knowledge of the vehicle's illegal use.

While the federal law may seem more sensible and reasonable to apply in these *in rem* forfeiture situations, it is § 5-64-505 and its elements that are before us, and we must construe it in accordance with its plain language. Thus, we reverse and remand.

---

[3] The full text of § 881(a)(4)(B) and (C) provides as follows:

(a)   Subject property

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

\*          \*          \*

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1)(2), or (9), except, that

\*          \*          \*

(B)  no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such conveyance was unlawfully in the possession of a person other than the owner in violation of the criminal laws of the United States, or of any State; and

(C)  no conveyance shall be forfeited under this paragraph to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge, consent, or willful blindness of the owner.