IN RE: the MATTER of ONE 1994
CHEVROLET CAMARO; VIN: 2G1FP32P2R2211156

00-241                                    37 S.W.3d 613

Supreme Court of Arkansas
Opinion delivered February 22, 2001

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellant.

*Dennis R. Molock*, for appellee.

ANNABELLE CLINTON IMBER, Justice. This is an appeal by the State from the Arkansas County Circuit Court's denial of its request for forfeiture of a 1994 Chevrolet Camaro car following the driver's arrest for possession of marijuana with intent to deliver.[1] We hold that the circuit court erred. Accordingly, we reverse and remand.

Evidence presented at the forfeiture hearing revealed that on May 3, 1999, Michael Dukes, a confidential informant for the Stuttgart Police Department, saw Matthew Wood washing a 1994 Chevrolet Camaro automobile at a car wash in Stuttgart. According to Mr. Dukes, he approached Matthew at the car wash, and during their conversation, Matthew asked: "Do you have any, you know, can I get a pound from you?" After testifying that he gave an affirmative response to Matthew's request, Mr. Dukes explained that over the past year, Matthew had been buying approximately three to four pounds of marijuana a month from him in half-pound and pound amounts. He further stated that, although Matthew smoked marijuana, he was "mostly selling it." Based upon their history of business dealings, Mr. Dukes understood Matthew's request to be a request to buy a pound of marijuana.

Shortly after the conversation with Matthew, Mr. Dukes contacted Lieutenant Frank Gonzales of the Stuttgart Police Department and told him about the conversation. Lt. Gonzales proceeded to obtain a "brick" of marijuana wrapped in gray duct tape from the Arkansas State Police and gave it to Mr. Dukes with the purpose of setting up a "reverse sting" in which Mr. Dukes would sell the marijuana to Matthew and then the police would arrest Matthew and charge him with a criminal offense. Upon receiving the marijuana from Lt. Gonzales, Mr. Dukes arranged a meeting with Matthew at Northcutt Lane in Stuttgart. Lt. Gonzales was aware of the location of the meeting and had police officers stationed nearby. When Matthew arrived at the designated meeting place, he was driving the 1994 Chevrolet Camaro automobile. Mr. Dukes delivered the marijuana to Matthew, and then Matthew gave Mr. Dukes the sum of $730.

As Matthew drove away from the meeting, he maneuvered around Lt. Gonzales's car and sped off. The police immediately

---

[1] In their briefs, the parties refer to the appellee as Matthew Wood. However, this is an *in rem* action against the 1994 Chevrolet Camaro.

began their pursuit, with Lt. Gonzales leading the chase. Because his car was not equipped with a siren or blue lights, Lt. Gonzales eventually pulled over so that Officer Jeff King of the Stuttgart Police Department could take the lead. Officer King's car was also equipped with a video camera that taped the chase from the time he began pursuit until it ended in front of Matthew's residence where Matthew was taken into custody. The police officers searched his person and the car, but did not find any controlled substances.

During the chase, Lt. Gonzales had seen a gray or silver object fly out from or off of the car. Based upon that information, Deputy Bobby Lock of the Arkansas County Sheriff's Department immediately proceeded to retrace the path of the chase to Eighteenth Street and Strait Place, where he noticed tire tracks in the lawn of a residence. It was at this location that he found the "brick" of marijuana Lt. Gonzales had previously given to Mr. Dukes. Subsequent testing of the package revealed that it contained 760.4 grams of marijuana.

Following Matthew's arrest, Lt. Gonzales advised him of his *Miranda* rights and interviewed him. During the interview, Lt. Gonzales asked Matthew if he sold drugs, and Matthew responded that "yes, [he] did sell drugs, but ...." At this point, the interview was abruptly terminated when Matthew's attorney stepped in and advised him not to say anything else.

On May 21, 1999, the prosecuting attorney filed a forfeiture complaint in Arkansas County Circuit Court on behalf of the CAMEO Drug Task Force alleging that a black 1994 Chevrolet Camaro car and $140 in currency were subject to forfeiture pursuant to Ark. Code Ann. § 5-64-505 (Repl. 1997). Specifically, the complaint alleged that the Camaro was subject to forfeiture because Matthew Wood was operating it when he was arrested on May 3, 1999, and had, immediately prior to his arrest, used it to transport marijuana with the intent to deliver. The complaint also alleged that the currency was subject to forfeiture because Matthew possessed it at the time of his arrest. The complaint noted that the car was registered in the names of David H. and Lynn L. Wood. David, Lynn, and Matthew Wood filed answers to the complaint in which they admitted that the Camaro was registered in the names of David H. and Lynn Wood. They denied authorizing its use for the transportation of drugs or knowing that it was being used to transport drugs. David Wood and Lynn Wood also testified at the

hearing that they were the owners of the car, that their son, Matthew Wood, was never treated as the owner, and that they had no knowledge that the car would be used or that it had been used to transport controlled substances. They did, however, admit that Matthew had their permission to drive the car and was the primary insured driver.

The forfeiture hearing was held on July 16, 1999, and August 30, 1999. On November 2, 1999, the circuit court entered an order granting forfeiture of the $140, but denying forfeiture of the 1994 Chevrolet Camaro. On December 14, 1999, the circuit court entered the following findings of fact and conclusions of law:

> 1. The State did not show that the owners of the vehicle in question knew their car was being used for drug trafficking; nor can the Court believe that they did[.]
>
> 2. That the current concerns over drugs, while serious, cannot be extended to allow confiscation of a person's property when that person is neither involved in drug traffic nor has knowledge that the vehicle is so being used.
>
> 3. Calling a case of entrapment a "reverse sting" does not keep it from being entrapment.

From the circuit court's denial of the forfeiture of the car comes this appeal by the State.[2]

■ For its sole point on appeal, the State argues that the circuit court erred in denying forfeiture of the 1994 Chevrolet Camaro that Matthew was driving at the time of his arrest. On the date of Matthew's arrest, May 3, 1999, Arkansas Code Annotated section 5-64-505 provided, in relevant part:

> (a) The following are subject to forfeiture:
> (1) All controlled substances ... which have been ... acquired in violation of subchapters 1-6 of this chapter;

***

> (4) All conveyances, including ... vehicles ..., which are used, or intended for use, to transport, or in any manner to facilitate the

---

[2] The Woods have not cross-appealed from that portion of the circuit court's order granting forfeiture of the currency.

transportation, for the purpose of sale or receipt of property described in subdivision (a)(1) ..., but:

***

(ii) No conveyance is subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent and without the knowledge or consent of anyone having possession, care, or control of the conveyance with the owner's permission;

Ark. Code Ann. § 5-64-505 (Repl. 1997). [3] Under these statutory provisions, the burden of proof is on the State initially, pursuant to section 5-64-505(a)(4), to show that the 1994 Camaro was used to transport illegal drugs for sale purposes. *State v. One 1993 Toyota Camry*, 333 Ark. 503, 969 S.W.2d 663 (1998). After the State meets its burden of proof, the owner, to avoid forfeiture of the vehicle, is then required under subsection 505(a)(4)(ii) to show that: (1) the drug trafficking was committed without their knowledge or consent, *and* (2) without the knowledge or consent of anyone having possession, care, or control of the car with the owner's permission. *Id.*

■ As a threshold matter, the Woods assert that the State did not meet its initial burden, pursuant to section 5-64-505(a)(4), of proving that the 1994 Camaro was used to transport illegal drugs for sale purposes. Specifically, the Woods contend that "the record is completely void of any testimony to indicate that the alleged sale to [Matthew] was made based upon representations by [Matthew] that he intended to sell the substance." They also contend that the State "failed to prove that the vehicle was used to transport controlled substances at all since the State elected not to introduce into evidence the package which was purportedly sold to the driver ... and

---

[3] Effective July 30, 1999, the General Assembly amended Ark. Code Ann. § 5-64-505, by, among other things, eliminating the requirement that the owner of a conveyance establish that forfeitable acts or omissions occurred "without the knowledge or consent of anyone having possession, care, or control of the conveyance with the owner's permission[.]" Act 1120 of 1999, § 2. In their arguments to the circuit court, both parties relied on the prior version of the statute, Ark. Code Ann. § 5-64-505(a)(4)(ii) (Repl. 1997), and the owners of the Camaro did not argue that Act 1120 of 1999 should be applied retroactively. Arguments not raised below are not preserved for appellate review. *Arkansas Transit Homes v. Aetna Life & Casualty*, 341 Ark. 317, 16 S.W.3d 545 (2000).

which was purportedly thrown from the vehicle[.]" Based on these arguments, the Woods appear to suggest that the trial court's denial of the State's request for forfeiture of the car should be affirmed even though the trial court may have stated the wrong reasons. As we have often said, "we will affirm the trial court where it reaches the right result, even though the trial court may have announced the wrong reason." *State of Washington v. Thompson*, 339 Ark. 417, 428, 6 S.W.3d 82, 88 (1999). *See Malone v. Malone*, 338 Ark. 20, 991 S.W.2d 546 (1999); *Dunn v. Westbrook*, 339 Ark. 83, 971 S.W.2d 252 (1998).

█ █ While the circuit court made no explicit finding that Matthew used the Camaro to transport marijuana for the purpose of sale, the court did conclude that Matthew was entrapped. When entrapment is invoked, "it is necessarily assumed that the act charged was committed." *Young v. State*, 308 Ark. 647, 651, 826 S.W.2d 814, 816 (1992). Thus, by concluding that Matthew was entrapped, the court necessarily found that he committed the act causing the forfeiture; that is, he used the vehicle to transport illegal drugs for the purpose of sale. The circuit court's findings will not be set aside unless clearly erroneous. Ark. R. Civ. P. 52(a).[4]

█ █ We hold that the trial court did not clearly err by implicitly finding that the State met its initial burden of proving that Matthew used the vehicle to transport marijuana for the purpose of sale. Mr. Dukes testified at trial that he had sold Matthew approximately three to four pounds of marijuana per month over the last year. He also testified that, although Matthew smoked marijuana, he was "mostly selling it." Furthermore, after Matthew was arrested and advised of his *Miranda* rights, Lt. Gonzales asked him if he sold drugs, and he responded: "Yes, I did sell drugs, but..." Moreover, Lt. Gonzales testified that he saw a gray or silver object fly from the vehicle being driven by Matthew. Mr. Dukes confirmed that he had sold Matthew some marijuana wrapped in gray duct tape just before the police chase began. Finally, an object matching that description was found by a police officer along the chase route within minutes of Matthew's arrest, and subsequent

---

[4] Although the Woods did not file a notice of cross-appeal, we are not precluded from reviewing the circuit court's finding on appeal because they are not seeking something more than they received from the trial court. *Arkansas Dep't of Fin. & Admin. V. Pharmacy Assocs.*, 333 Ark. 451, 970 S.W.2d 217 (1998); *Flemings v. Little*, 324 Ark. 112, 918 S.W.2d 718 (1996).

testing revealed that it contained marijuana. With regard to the Woods' contention that the State failed to introduce into evidence the "brick" of marijuana, we reject that argument on the ground that they cite no authority or convincing argument for the proposition that such a failure is fatal to the State's case. *State v. Singleton*, 340 Ark. 710, 13 S.W.3d 584 (2000).

■ We must next determine whether the trial court erred when it denied the forfeiture of the car because "[t]he State did not show that the owners of the vehicle in question knew their car was being used for drug trafficking[.]" The State has never claimed that David and Lynn Wood had any knowledge of their son's drug trafficking or that they participated in that drug trafficking. Indeed, it stated below that "[t]here is no contention that the owners of this vehicle were aware of the[ir sons's] activities[.]" However, that fact alone does not prohibit forfeiture pursuant to Ark. Code Ann. § 5-64-505(a)(4)(ii) (Repl. 1997). That section also places on the owners of the car the additional burden of proving that the drug trafficking was committed without the knowledge of anyone having possession of the car with their permission; that is, without the knowledge and consent of Matthew Wood. *State v. One 1993 Toyota Camry, supra.* David and Lynn Wood presented no such proof. The proof presented at the hearing showed that David and Lynn Wood gave Matthew Wood permission to use their car. Also, as set forth above, the trial court implicitly found that Matthew intentionally used the car to transport marijuana for the purpose of sale. Thus, David and Lynn Wood failed to meet their burden of proof under Ark. Code Ann. § 5-64-505(a)(4)(ii) to show that the car was not subject to forfeiture. Accordingly, we hold that the circuit court erred in two respects when it ruled that the car was not subject to forfeiture because the State failed to show that the vehicle's owners knew their car was being used for drug trafficking. First, the burden of proving the requirements of section 5-64-505(a)(4)(ii) is on the owners of the car rather than the State. Second, in addition to their own lack of knowledge or consent, the owners must also establish that the possessor of the car lacked knowledge. Here, there was no such proof.

The circuit court finally concluded that "calling a case of entrapment a 'reverse sting' does not keep it from being entrapment." The State asks this court to reverse the circuit court because the actions of Mr. Dukes, acting in cooperation with

police, did not induce or persuade Matthew to commit the offense. We agree.

Arkansas Code Annotated section 5-2-209 (Rep. 1997) states:

> (a) It is an affirmative defense that the defendant was entrapped into committing an offense.
>
> (b) Entrapment occurs when a law enforcement officer or any person acting in cooperation with him induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

Here, Mr. Dukes, in cooperation with Lt. Gonzales, merely afforded Matthew the opportunity to commit the offense and did not persuade or otherwise induce him to commit the offense. The unrebutted testimony presented at trial indicated that Mr. Dukes, the police informant, approached Matthew at a car wash and engaged in conversation. Matthew then initiated the discussion about drugs by asking Mr. Dukes if he had "a pound." Mr. Dukes said that he did, and called Lt. Gonzales, who then obtained some marijuana and gave it to Mr. Dukes to sell to Matthew so that the police could arrest him. Mr. Dukes further testified that no police officers asked him to get Matthew to buy marijuana, and he did not approach Matthew to try to sell him any marijuana. Furthermore, Matthew had been buying marijuana from Mr. Dukes for a least a year. Stated simply, there was absolutely no evidence presented to show that the police and Mr. Dukes did anything more than merely afford Matthew the opportunity to commit the offense. *See, e.g., Heritage v. State*, 326 Ark. 839, 936 S.W.2d 499 (1996). Thus, we hold that the trial court clearly erred when it found entrapment.

Reversed and remanded.