$735 IN U.S. CURRENCY, Nancy Stuart *v.*
STATE of Arkansas

05-400                                              222 S.W.3d 209

Supreme Court of Arkansas
Opinion delivered January 12, 2006

*Robert S. Blatt,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Vada Berger,* Ass't Att'y Gen., for
appellee.

Tom Glaze, Justice. The State has petitioned for review of
a court of appeals' opinion reversing the trial court's order
granting the State's petition for forfeiture, which was entered against
appellant Nancy Stuart on June 23, 2004.

On September 4, 2003, Officer Allen Marx of the Sebastian
County Sheriff's Department observed a man and a woman enter
the Economy Feed Store and purchase a one-gallon container of
iodine. Marx followed the couple's truck down the highway, and
shortly thereafter, he initiated a traffic stop for a broken windshield
and made contact with the driver, Nancy Stuart. After questioning
Stuart about where she had come from, Marx asked her for
permission to search her vehicle; Stuart granted permission. As
Marx approached the truck, Stuart told him that there was some

iodine in the truck. During Marx's search of the vehicle, one of the truck's passengers dropped what Marx believed to be a marijuana cigarette. In addition to the iodine, Marx recovered an open bottle of whiskey, three cases of beer, and $735 in cash. Subsequent to the search, Stuart admitted that she had intended to use the iodine for cooking methamphetamine. Stuart also explained that the cash came from "some type of retirement" or a "pension plan, or something of that nature." The State filed an *in rem* complaint for forfeiture of the $735 on September 8, 2003, alleging that the money had been seized from Stuart following her arrest on the charges of possession of drug paraphernalia with intent to manu-facture, possession of marijuana, and possession of drug parapher-nalia. At trial, on June 16, 2004, Marx testified about the events surrounding the traffic stop and seizure of the iodine. At the conclusion of Marx's testimony, Stuart moved for a directed verdict, arguing that there was no proof that the $735 was connected to any drugs that were in the vehicle. Stuart argued that, although Marx testified that he had seen a marijuana cigarette, there was no testimony that the cigarette had been tested to prove that it was marijuana or that there had been a usable amount of marijuana. In addition, Stuart argued that the iodine was not a drug. The State responded that the money had been found in close proximity to forfeitable paraphernalia. The trial court denied Stuart's motion for directed verdict and granted the State's petition for forfeiture.

On appeal to the court of appeals, Stuart argued that the trial court erred when it determined that the money was subject to forfeiture. In addressing Stuart's argument regarding the suffi-ciency of the evidence, the State asserted that Stuart had failed to present an adequate record for review, as the record did not include the "entire evidence" presented in the case. The court of appeals rejected the State's argument regarding the state of the record, and reversed the trial court's order. *$735 in U.S. Currency v. State*, 90 Ark. App. 358, 205 S.W.3d 816 (2005). The State petitioned for review from that opinion, and continues its argu-ment that Stuart failed to present an adequate record for appellate review.

Specifically, the State contends that the court of appeals erred by concluding that the "entire evidence" was before it for its review when the record did not contain the cross-examination of Officer Marx and the entire testimony of both Stuarts. When Stuart designated the record for appeal in her notice of appeal, she

designated "a partial record of the proceedings held on June 16, 2004, as the record on appeal, including, without being limited to, all pleadings, orders, exhibits, stipulations, and testimony in [this] action." Although the circuit court's docket sheet reflects that Allen Marx, Nancy Stuart, and Larry Stuart (Stuart's husband) testified at the trial, the record on appeal includes only the direct testimony of Marx. At the conclusion of Marx's testimony, Stuart moved for directed verdict. After the court denied the motion, the transcript reflects the following: "(Cross examination conducted by Mr. Blatt at this time.)" However, there is no transcript of that cross-examination, nor does the record contain the Stuarts' testimony.

Despite Stuart's submission of an abbreviated record, the court of appeals determined that, because Stuart "only challeng[ed] the trial court's finding that the State presented sufficient evidence to defeat her motion for directed verdict, . . . she . . . presented the 'entire evidence' with respect to that issue and . . . the abbreviated record is sufficient for our understanding of the issues on appeal." *$735 in U.S. Currency*, 90 Ark. App. at 365.

The standard of review in forfeiture cases is whether the trial court's decision was clearly erroneous. *See In Re: One 1994 Chevrolet Camaro*, 343 Ark. 751, 37 S.W.3d 613 (2001). This court has held that a decision is clearly erroneous "when, although there is evidence to support it, the appellate court, *after reviewing the entire evidence*, is left with a definite and firm conviction that a mistake has been committed." *State v. 26 Gaming Machines*, 356 Ark. 47, 51, 145 S.W.3d 368, 371 (2004) (emphasis added). The clearly erroneous standard of review "expressly contemplate[s] a review of the entire record." *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 499 (1984). We agree with the State's argument that, without the "entire evidence" before the court, there is an insufficient record on which the court can determine whether the trial court's decision was clearly erroneous. In short, Stuart's actions in designating and submitting only a partial record preclude this court from being able to review the "entire record" in order to determine whether the trial court erred.

In addition, by offering only a truncated record, Stuart has failed to satisfy her burden of presenting a record sufficient to demonstrate error. *See Dodge v. Lee*, 352 Ark. 235, 100 S.W.3d 707 (2003) (the burden is on the appellant to bring up a record sufficient to demonstrate that the trial court was in error, and

where the appellant fails to meet this burden, we have no choice but to affirm the trial court); *Hicks v. State*, 340 Ark. 605, 12 S.W.3d 219 (2000); *S.D. Leasing, Inc. v. RNF Corp.*, 278 Ark. 530, 647 S.W.2d 447 (1983). Here, although Stuart moved for a directed verdict after part of the State's case, Stuart's record does not indicate whether she renewed her motion at the close of all the evidence. In both civil and criminal cases, a defendant must move for a directed verdict at the close of all the evidence. Rule 50 of the Arkansas Rules of Civil Procedure provides that, in a nonjury case, "a party may challenge the sufficiency of the evidence at the conclusion of the opponent's evidence by moving either orally or in writing to dismiss the opposing party's claim for relief. The motion may also be made *at the close of all of the evidence* and in every instance the motion shall state the specific grounds therefor." Ark. R. Civ. P. 50(a) (emphasis added). The Reporter's Notes to Rule 50(a) explain further that "the motion should be made by the defendant at the close of the plaintiff's evidence in a bench trial in circuit court." *See* Additions to Reporter's Notes, 1984 Amendments. Likewise, Ark. R. Crim. P. 33.1(b) provides that, in a nonjury trial, if a motion for dismissal is to be made, "it shall be made *at the close of all of the evidence.* . . . If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed *at the close of all of the evidence.*" (Emphasis added.)

In *Willson Safety Products v. Eschenbrenner*, 302 Ark. 228, 788 S.W.2d 729 (1990), this court explained that a motion for a directed verdict at the close of the plaintiff's case "has as its purpose a procedure for determining whether the plaintiff has met the burden of establishing a prima facie case, with that question to be resolved by the court as a matter of law." *Eschenbrenner*, 302 Ark. at 231. The court continued as follows:

> In the event the motion is overruled, the defendant may elect to stand on the motion or to go forward with the production of additional evidence, in which case he has waived any further reliance upon the former motion.[1]  *See Sanson v. Pullum*, 273 Ark.

---

[1] On this issue, the State also points out that it is well settled that a party who presents evidence after moving for a directed verdict waives any error in the trial court's failure to direct a verdict at the close of the opponent's case. *See Key v. State*, 325 Ark. 73, 923 S.W.2d 865 (1996); *Higgins v. Hines*, 289 Ark. 281, 711 S.W.2d 783 (1986) (by going forward with proof after the motion for directed verdict is denied, the defendant waives any error in the trial

325, 619 S.W.2d 641 (1981); *Granite Mountain Rest Home v. Schwarz*, 236 Ark. 46, 364 S.W.2d 306 (1963).

> At the conclusion of all of the evidence, a party then has an opportunity again to test the sufficiency of all of the evidence for submission to the factfinder. This is accomplished, once again, by a proper motion for a directed verdict addressed to the court, thus affording the trial court an opportunity to rule prior to the submission of the case to the jury. . . .

> We believe that the intent of the rule is to require a party testing the sufficiency of the evidence first to submit the question to the trial court, thereby permitting the court to make a ruling at the conclusion of all the evidence but prior to verdict, thus preserving the specific question for appeal.

*Id.* at 231–32. The court continued by noting that it has "long held that an issue, to be considered on appeal, must be properly preserved at trial." *Id.* at 232 (citing *Goodwin v. Harrison*, 300 Ark. 474, 780 S.W.2d 518 (1989)). Further, the court held that a motion for directed verdict "must be made or renewed at the conclusion of all of the evidence. *Otherwise, questions of sufficiency of the evidence are waived.*" *Id.* (emphasis added).

■ In the instant case, Stuart's argument on appeal is that the trial court erred in ruling that the $735 was subject to forfeiture, because the evidence was insufficient to prove that the money seized from her vehicle was found in close proximity to any illegal drugs during the search of the truck. This is clearly a challenge to the sufficiency of the evidence. However, given the incomplete state of the transcript in the instant case, this court simply cannot know whether or not Stuart renewed her motion for directed verdict at the close of all the evidence. Because the record is insufficient for the court to make this determination, we must hold that she did not preserve her argument for appeal. Accordingly, the circuit court is affirmed, and the court of appeals is reversed.

---

court's failure to direct a verdict at the close of the plaintiff's case). Here, according to the trial court's docket entries, Stuart and her husband testified after Stuart moved for directed verdict. Thus, Stuart waived any error in the trial court's failure to direct a verdict at the conclusion of Officer Marx's testimony.