Carlos SOLIS  *v.*  STATE of Arkansas

07-701                                          269 S.W.3d 352

Supreme Court of Arkansas
Opinion delivered December 6, 2007

*Swindle Law Firm,* by: *Ken Swindle,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., and *Vada Berger,* Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. Appellant Carlos Alexander Solis appeals the grant of a default judgment in favor of appellee State of Arkansas. We affirm the circuit court's judgment.

On November 2, 2006, Solis was arrested for delivery of a controlled substance, a Class Y felony. At the time of his arrest, the Benton County Sheriff deputies seized his 1999 Ford F-350. The following day, the prosecuting attorney on behalf of the State instituted forfeiture proceedings against the Ford F-350 and served Solis with a summons and attached complaint. The caption of the complaint named the defendant as "1999 Ford F-350 Pickup VIN#1FTWW33F3XEC23723 (Carlos Alexander Solis)." The caption of the summons named the defendant as "1999 Ford F-350 Pickup VI[N]#1FTWW33F3XEC23723." Under this caption, the summons listed the defendant as "Carlos Alexander Solis." The text of the summons advised Solis that, in order to avoid a default judgment, he was required to file an answer in writing and in compliance "with the Arkansas Rules of Civil Procedure and/or the Arkansas Inferior Court Rules." The summons also stated that the answer had to be filed within twenty days of service unless Solis was not a resident of Arkansas, in which case the answer had to be filed within thirty days. The summons instructed Solis that if he wanted to be represented by an attorney, he should immediately contact that attorney to file an answer on his behalf.

On November 7, 2006, Solis, acting through his attorney, filed an answer to the State's complaint. Solis's answer was signed only by his attorney and did not contain a verification by Solis. On December 7, 2006; the State filed a motion for default judgment, arguing that it was entitled to a default judgment because Solis's answer was not verified by Solis's signature as required by Arkansas

Code Annotated § 5-64-505(g)(4) (Supp. 2005). On December 11, 2006, Solis filed a reply to the default-judgment motion. After holding two hearings on the matter, the circuit court granted a default judgment to the State.

## I. Verification Requirement

Solis first claims on appeal that a verification is simply a signed document, and an attorney's signature constitutes the attorney's verification. No further verification, he argues, is required under § 5-64-505(g)(4) or under the Arkansas Rules of Civil Procedure.[1] The State, on the other hand, contends that verification has been defined by this court to require more than an attorney's signature. The State notes that Arkansas Rule of Civil Procedure 11 provides that, in general, pleadings can be signed by a party's attorney and do not have to be verified, but it makes an exception if verification is "otherwise specifically provided by rule or statute." Ark. R. Civ. P. 11(a) (2007). Section 5-64-505(g)(4), the State maintains, contains precisely such an additional verification requirement.

This court "reviews issues of statutory interpretation *de novo*, because it is for this court to determine the meaning of a statute." *McMickle v. Griffin*, 369 Ark. 318, 323, 254 S.W.3d 729, 736 (2007). Although this court is not bound by a circuit court's decision, "in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal." *Kelley v. USAA Cas. Ins. Co.*, 371 Ark. 344, 346, 266 S.W.3d 734, 737 (2007). This court has further explained that:

> The basic rule of statutory construction is to give effect to the intent of the legislature. Where the language of a statute is plain and unambiguous, we determine the legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible.

---

[1] The matter of the answer's lack of the certification, which is also raised by the State and required under § 5-64-505(g)(4)(B), will not be addressed because the circuit court did not rule on this issue. *Smith v. State*, 363 Ark. 456, 457, 215 S.W.3d 626, 627 (2005) ("We do not decide issues that were not decided by the lower court.").

*McMickle,* 369 Ark. at 323, 254 S.W.3d at 736 (quoting *Great Lakes Chem. Corp. v. Bruner,* 368 Ark. 74, 82, 243 S.W.3d 285, 291 (2006)) (citations omitted).

As already noted, § 5-64-505(g)(4), which is the civil forfeiture statute, requires that "the owner or interest holder of the seized property shall file with the circuit clerk a verified answer to the complaint." Thus, the instant case presents the question of what constitutes a verified answer for purposes of this statute. The definition of verification can be found in this court's case law, where it has been said that verification is "[a] formal declaration made in the presence of an authorized officer, such as a notary public, or . . . under oath but not in the presence of such an officer, whereby one swears to the truth of the statements in the document." *Shaw v. State,* 363 Ark. 156, 157, 211 S.W.3d 506, 507-08 (2005) (quoting *Black's Law Dictionary* 1593 (8th ed. 2004)).

That definition, however, does not answer the question of whether an attorney can verify a document on a client's behalf. This question, nevertheless, is answered by the Arkansas Rules of Civil Procedure. Rule 11 of those rules provides that "[e]very pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record." Ark. R. Civ. P. 11(a) (2007). It also provides that "[e]xcept when otherwise specifically provided by rule or statute, pleadings need not be verified." *Id.* Thus, it is clear from the plain language of Rule 11 that verification means something more in certain instances than an attorney's signature on the pleading.

Rule 11 was adopted in its original form in 1978 as part of the Arkansas Rules of Civil Procedure. *Re: Rules of Civil Procedure,* 264 Ark. 964 (1978). Consulting the pre-Rule 11 requirement for pleadings, the Arkansas Code reveals that at one time "the complaint, answer and reply" were required to "be verified by the affidavit of the party to the effect that he believes the statements thereof to be true." Ark. Stat. Ann. § 27-1105 (Repl. 1962). When § 27-1105 was replaced by Rule 11 in 1978, the verification requirement was eliminated for most pleadings. Ark. R. Civ. P. 11 (2007), Reporter's Note 2. Under the original version of Rule 11, verification was required only if "specifically provided by these rules." Ark. Stat. Ann. Appx. – Rules of Court (Repl. 1979); Arkansas Rules of Civil Procedure, Rule 11. However, under the most recent amendment to the rules, which occurred in 1997, a verification can be required "by rule *or statute.*"

Ark. R. Civ. P. 11(a) (2007) (emphasis added). Section § 5-64-505(g)(4) unambiguously and clearly contains a requirement that the owner of the seized property verify the answer. It is, therefore, beyond dispute that Solis was required to swear personally to the truth of the statements contained in his answer. The trial court correctly found that Solis's answer was void and of no effect.

## II. Deficiency of the Summons

Solis next argues that if personal verification of his answer was required by statute, then the summons was deficient, because it did not inform Solis of this requirement. The purpose of a summons, Solis asserts, is to give a defendant notice of what is required to avoid default, which it did not do because there were hidden requirements that were not apparent on the face of the summons. In addition, Solis argues that the summons was deficient in naming the 1999 Ford F-350 as the defendant rather than Solis himself.

A circuit court's interpretation of a court rule is reviewed de novo by this court. *See Sturdivant v. Sturdivant*, 367 Ark. 514, 517, 241 S.W.3d 740, 743 (2006) (discussing this court's review of a circuit court's interpretation of the rules of professional conduct). This court has further stated:

> We construe rules using the same means, including canons of construction, that are used to interpret statutes. The first rule in considering the meaning and effect of a statute or rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction.

*Aikens v. State*, 368 Ark. 641, 643, 249 S.W.3d 788, 789-90 (2007) (quoting *Nat'l Front Page, LLC v. State ex rel. Pryor*, 350 Ark. 286, 291, 86 S.W.3d 848, 851 (2002)) (citations omitted). Stated differently, "[n]either rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a rule provision." *Sturdivant*, 367 Ark. at 517, 241 S.W.3d at 743.

Solis correctly notes that service requirements imposed by court rules "must be construed strictly and compliance with those requirements must be exact." *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003).

Solis, however, misses the mark in asserting that the summons in question failed to meet these strict requirements.

He first contends that the summons was defective by failing to mention the verification requirement contained in § 5-64-505(g)(4). This argument is without merit. Rule 4(b) of the Arkansas Rules of Civil Procedure gives the requirements for a valid summons:

> The summons shall be styled in the name of the court and shall be dated and signed by the clerk; be under the seal of the court; contain the names of the parties; be directed to the defendant; state the name and address of the plaintiff's attorney, if any, otherwise the address of the plaintiff; and the time within which these rules require the defendant to appear, file a pleading, and defend and shall notify him that in case of his failure to do so, judgment by default may be entered against him for the relief demanded in the complaint.

The rule lays out with great specificity the requirements for a proper summons. But nowhere does the rule require or even suggest that the summons must describe all of the requirements for a valid answer.

This court has noted that "[u]nder our rules, the summons is a process used to apprise a defendant that a suit is pending against him and afford him an opportunity to be heard." *Nucor Corp. v. Kilman*, 358 Ark. 107, 122-23, 186 S.W.3d 720, 729 (2004). Having been put on notice of a pending suit, it is the defendant's responsibility to research and comply with all relevant rules and statutes. In the case at hand, a perusal of § 5-64-505, which was specifically mentioned in the complaint as the statute under which forfeiture was to take place, would have informed Solis and his attorney of the verification requirement.

Solis next claims that the summons was defective in naming the 1999 Ford F-350 as the defendant in the caption of the case rather than Solis. This argument, too, must fail. The summons was not defective in naming the 1999 Ford F-350 as a party in the case, as this is the accepted procedure for in rem forfeiture actions. *See generally, $15,956 In U.S. Currency v. State*, 366 Ark. 70, 233 S.W.3d 598 (2006); *In re One 1994 Chevrolet Camaro*, 343 Ark. 751, 37 S.W.3d 613 (2001); *State v. One 1993 Toyota Camry, Vin. No. 4T1SK12EXPU283054*, 333 Ark. 503, 969 S.W.2d 663 (1998). Furthermore, Rule 4 does not purport to dictate who must be named as a party in an in rem action.

■ The summons, in addition, was not defective in later listing Carlos Alexander Solis as the "defendant" to whom the summons was directed. Although Solis was not the defendant listed in the caption, he was the person to whom notice of the forfeiture proceeding was being given. Listing him as the defendant to whom the summons was being issued was the best way to apprise him of the forfeiture proceeding, which was the purpose of the summons. We decline to interpret Rule 4(b) so as to preclude the State from using a summons in the form that is best calculated to give actual notice to a party in interest who is not the named defendant in an in rem proceeding. *See Nucor*, 358 Ark. 107, 122, 186 S.W.3d 720, 729 ("We are not unmindful of our decisions where we have held that the technical requirements set out in Rule 4(b) must be construed strictly and compliance with those requirements must be exact. However, we have also found that a literal application which leads to absurd consequences should be rejected where an alternative interpretation effects the statute's purpose.").

We hold that the summons was not deficient and that there was no defective process.

### III. Substantial Compliance

Solis next contends that, even if his answer was not properly verified, the circuit court erred in granting a default judgment because his answer substantially complied with statutory requirements and was therefore sufficient to avoid a default judgment. Solis emphasizes that default judgments as well as an insistence of form over substance are disfavored by this court. Solis adds that the State was not prejudiced by his failure to verify his answer. The State, on the other hand, argues that Solis is not entitled to have the default judgment set aside because he has failed to demonstrate a meritorious defense to the underlying action. We agree.

This court has elected to follow the federal courts in considering "opposition to a motion for entry of a default judgment as a motion to set aside a default judgment." *B & F Eng'g, Inc. v. Cotroneo*, 309 Ark. 175, 178, 830 S.W.2d 835, 837 (1992). Therefore, Rule 55 of the Arkansas Rules of Civil Procedure applies to these cases. This court reviews a circuit court's decision not to set aside a default judgment under Rule 55 under an abuse-of-discretion standard. *Nucor*, 358 Ark. at 117, 186 S.W.3d at 726. The same standard applies to a circuit court's decision to grant or deny an opposed motion for default judgment. *See B & F Eng'g*, 309 Ark. at 178, 830 S.W.2d at 837.

■ Rule 55(c) provides that, unless a judgment is void, "[t]he party seeking to have the judgment set aside must demonstrate a meritorious defense to the action." Ark. R. Civ. P. 55(c) (2007); *see also Nationwide Ins. Enter. v. Ibanez*, 368 Ark. 432, 437, 246 S.W.3d 883, 887 (2007). In the case at hand, had the summons been defective, as is alleged by Solis, then the judgment would have been void. *See Nucor*, 358 Ark. at 119, 186 S.W.3d at 727 ("Default judgments are *void ab initio* due to defective process regardless of whether the defendant had actual knowledge of the pending lawsuit."). However, as has already been held in this opinion, the summons was not defective. The burden, therefore, is on Solis to demonstrate a valid defense to the State's forfeiture action. Apart from his answer's general denial that the vehicle in question was subject to forfeiture, Solis has raised no defense to forfeiture other than the purported defects of the summons, which this court has discounted. Hence, Solis has advanced no meritorious defense to the forfeiture action, and the circuit court did not abuse its discretion in granting the State's motion for a default judgment.

## IV. Separation of Powers

Solis claims, as a final point, that the Arkansas Constitution clearly vests the power to prescribe the rules of pleading, practice, and procedure in the Arkansas Supreme Court. Because of this, Solis argues, to the extent that the statute regarding forfeiture proceedings prescribes additional procedural requirements, it unduly infringes upon the power of the judiciary, thereby violating the separation-of-powers doctrine.

We decline to reach Solis's constitutional argument on the basis that it is not essential to our decision. This court has said that if we can resolve a case "without reaching . . . constitutional arguments, it is our duty to do so." *Feland v. State*, 355 Ark. 573, 578, 142 S.W.3d 631, 634 (2004); *see, e.g., Landers v. Jameson*, 355 Ark. 163, 174, 132 S.W.3d 741, 748 (2003) ("This court has a well-settled principle that we will avoid a decision on the constitutionality of a state statute, when resolving the constitutional issue is not essential to deciding the case."); *Foreman v. State*, 321 Ark. 167, 170, 901 S.W.2d 802, 804 (1995) ("[W]e do not address appellant's constitutional argument because its resolution is not so necessary to the determination of this case that it cannot otherwise

be decided."); *Herman Wilson Lumber Co. v. Hughes*, 245 Ark. 168, 173, 431 S.W.2d 487, 490 (1968) ("Inasmuch as this case can be disposed of without determining the constitutional question, it is our duty to do so.").

■ As already discussed in the opinion, unless the judgment is void, a person who moves to have a default judgment set aside must demonstrate a meritorious defense to the action. Ark. R. Civ. P. 55(c). Regardless of the merits of Solis's constitutional argument, the circuit court did have jurisdiction over Solis, and its grant of a default judgment was not *void ab initio. See Nucor*, 358 Ark. at 119, 186 S.W.3d at 727. Solis has raised no meritorious defense to the forfeiture action. Hence, even if this court were to find that the verification requirement imposed by the legislature was unconstitutional, Solis would not be entitled to have the default judgment set aside under Rule 55(c) due to his failure to raise a meritorious defense.

Affirmed.