Carlos SOLIS *v.* STATE of Arkansas

07-561                                                                283 S.W.3d 190

Supreme Court of Arkansas
Opinion delivered April 17, 2008

*Swindle Law Firm*, by: *Ken Swindle*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

*Brian G. Brooks*, for amicus curiae Arkansas Trial Lawyers Association.

PAUL E. DANIELSON, Justice. Appellant Carlos Alexander Solis appeals the circuit court's order granting a default judgment in favor of appellee State of Arkansas. We affirm the circuit court.

The record reveals the following facts. On September 9, 2006, officers of the Bentonville Police Department seized $1,834 in U.S. currency from Solis in connection with his arrest on two counts of delivery of a controlled substance. The prosecuting attorney, on behalf of the State, filed forfeiture proceedings against the $1,834 in U.S. currency on September 12, 2006, and served Solis with a summons and attached complaint on September 19, 2006. The caption of the complaint named the defendant as "$1834.00 U.S. Currency (Carlos Alexander Solis)." The caption of the summons named the defendant as "$1834.00 U.S. Currency." Under this caption, the summons listed the defendant as

"Carlos Alexander Solis." The text of the summons advised Solis that, in order to avoid a default judgment, he was required to file an answer in writing and in compliance "with the Arkansas Rules of Civil Procedure and/or the Arkansas Inferior Court Rules." The summons also stated that the answer had to be filed within twenty days of service unless Solis was not a resident of Arkansas, in which case the answer had to be filed within thirty days. Furthermore, the summons instructed Solis that if he wanted to be represented by an attorney, he should immediately contact that attorney to file an answer on his behalf.

On October 6, 2006, Solis, acting through his attorney, filed an answer to the State's complaint. Solis's answer was signed only by his attorney and did not contain a verification by Solis. On November 6, 2006, the State filed a motion for default judgment, arguing that it was entitled to a default judgment because Solis's answer was not verified by Solis's signature as required by Arkansas Code Annotated section 5-64-505(g)(4) (Supp. 2005). The State's motion additionally responded to Solis's objection to discovery and served as an alternative motion to compel. On November 6, 2006, Solis filed a reply. The circuit court granted a default judgment to the State on February 20, 2007.

Solis raises several arguments on appeal. First, Solis argues that a verification is completed by an attorney's signature, and no further verification is required under section 5-64-505(g)(4) or under the Arkansas Rules of Civil Procedure. Next, Solis contends that if personal verification of his answer was required by statute, then the summons was deficient, because it did not inform him of the verification requirement. He further claims his summons was deficient because it named the $1,834 in U.S. currency as the defendant in the caption rather than Solis. Solis next reasons that even if his answer was not properly verified, the circuit court erred in granting a default judgment because his answer substantially complied with statutory requirements and was therefore sufficient to avoid a default judgment. For his final point, Solis argues that the Arkansas Constitution clearly vests the power to prescribe the rules of pleading, practice, and procedure in the Arkansas Supreme Court. Because of this, Solis suggests that, to the extent the statute regarding forfeiture proceedings does prescribe additional procedural requirements, it unduly infringes upon the power of the judiciary, thereby violating the separation of powers doctrine.

These arguments were all addressed and rejected by this court in *Solis v. State*, 371 Ark. 590, 269 S.W.3d 352 (2007), in

which we affirmed the circuit court's order of default judgment in favor of the State after the State's forfeiture of Solis's 1999 Ford F350 pickup. We reject Solis's arguments here for the same reasons. *See Solis v. State, supra.* Therefore, the judgment of the circuit court is affirmed.

Affirmed.