SLIP OPINION
2015 Ark. App. 75

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-814

| | |
|---|---|
| | **Opinion Delivered** February 11, 2015 |
| K.D.<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-14-1109] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES<br>APPELLEE | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| | REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

On 26 October 1998, the child-abuse hotline received an allegation that a juvenile had been mistreated. After an investigation, a true finding of child maltreatment was entered. K.D. was named as the offender. The Arkansas State Police notified K.D. of this finding on 9 December 1998; the notification contained the following language:

_____ There was no credible evidence of Child Maltreatment. Pursuant to Act 1341 of 1995, there can be no disclosure of unsubstantiated reports.

_____ There was some credible evidence of Child Maltreatment and _____ was named as the offender(s).

_X__ There was some credible evidence of Child Maltreatment and [K.D.] was named as the offender(s). Circumstances do not indicate that a Protective Services case should be opened for your family.

If you have been the subject of a true report and you disagree with the assessment determination, you may request an administrative hearing within thirty (30) days of the receipt of the hand delivery or mailing of this notice of determination.

The third option, which stated that there was some credible evidence of child maltreatment and named K.D. as the offender, was marked with an "X" as indicated above.

Nothing else happened until October 2013, when K.D. discovered that he was on the child-maltreatment registry and requested an administrative hearing. Before the hearing, DHS moved to dimiss the appeal, arguing that K.D. had been served with notice of the true finding in December 1998, that he had not requested a hearing within thirty days of receipt of the notice, and that his request should now be dismissed as untimely. K.D. responded that the notice he received did not adequately inform him of the true finding. In 1998, the statute on child-maltreatment investigative determinations required the following:

> (a) Upon completion of the investigation the department shall determine that the allegations of child maltreatment are:
>     (1) Unsubstantiated: This determination shall be entered when the allegation is not supported by some credible evidence. . . .
>     (2) True: This determination shall be entered when the allegation is supported by some credible evidence.
> . . . .
> (c)(1)(A) In every case where a report is determined to be true, the department shall notify each subject of the report of the determination.
> . . . .
> (C) Such notification shall include the following:
>     (i) The investigative determination, true or unsubstantiated, exclusive of the source of notification;
>     (ii) A statement that an adult offender subject of the true report may request an administrative hearing;
>     (iii) A statement that such request must be made to the department within thirty (30) days of recipt of the hand delivery or mailing of the notice of determination[.]

Ark. Code Ann. § 12-12-512 (Supp. 1997) (repealed 2009).

A hearing on DHS's motion to dismiss was held in February 2014. K.D. again asserted that the notification did not comply with the statute; he also argued that it violated his due-process rights. DHS countered that the notification's statement that there was some credible evidence of child maltreatment was "tantamount to saying there is a 'true finding.'" The administrative law judge stated, "I'm not gonna say that the notice itself is the best written thing in the world but I'm not also gonna say that it wouldn't put [K.D.] on notice that he should've appealed in thirty days." DHS counsel also expressed some concern about the notice when he said, "[W]ere I writing [the notice] I think I would pick some different language. . . . It did not use the exact language 'true finding' which I would probaby use were I doing it but this was the form that was in effect at the time apparently." Nevertheless, the law judge's written order found that K.D. did not request an administrative hearing within thirty days of receiving the notification, so his request for an administrative hearing was untimely. The order also stated that K.D.'s due-process argument was "of a constitutional nature," and that the judge "lack[ed] the authority to rule on constitutional arguments."

K.D. petitioned for judicial review pursuant to the Administrative Procedure Act, again arguing that he was not given proper notice and that his due-process rights had been violated. He also asserted that the law judge's decision was "(1) in violation of constitutional and statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) not supported by substantial evidence of record; and (5) arbitrary and capricious and characterized by an abuse of discretion." Without a

hearing, the circuit court entered a two-sentence order that affirmed the agency's decision.

K.D. then timely appealed to this court.

Our supreme court has recently stated the applicable standard of review:

Review of administrative agency decisions, by both the circuit court and the appellate court, is limited in scope. The standard of review to be used by both the circuit court and the appellate court is whether there is substantial evidence to support the agency's findings. The appellate court's review is directed, not toward the circuit court, but toward the decision of the agency, because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. When reviewing such decisions, we uphold them if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. We review issues of statutory interpretation de novo; however, the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong.

*Ark. Dep't of Human Servs. v. Pierce*, 2014 Ark. 251, at 7, 435 S.W.3d 469, 473 (citations omitted).

Here, K.D. argues that the law judge's decision was (1) not supported by substantial evidence, (2) arbitrary and capricious, and (3) in violation of statutory provisions and based on unlawful procedure. All these arguments stem from the notification he received and the problem he has with its content. K.D. also asserts that the notification did not meet minimum due-process requirements.

DHS argues to this court that the notification informed K.D. that credible evidence was found, that he was an offender (guilty of an offense), and that he had a right to appeal. DHS asserts that the words "True" or "Unsubstantiated" were not required by the statute "as long as the substantive content of the notification was consistent with these two outcomes." It also notes that the statute provided that a true determination "shall be

4

entered when the allegation is supported by some credible evidence," which is the wording contained in the notice provided. *See* Ark. Code Ann. § 12-12-512(a)(2) (Supp. 1997) (repealed 2009). Finally, DHS contends that even if the notice was contrary to the then-existing statute, it was not an error "of such magnitude as to void the effect" of the notice or "to overlook K.D.'s own lack of due diligence." For this reason, DHS argues, K.D.'s due-process argument must also fail.

This case presents a narrow issue: does substantial evidence support the law judge's conclusion that the notice was sufficient to put K.D. on notice that he should appeal within thirty days? We hold that substantial evidence does not exist. The statute states that the notification *shall* include the investigative determination, *True or Unsubstantiated*. In statutes, "shall" almost always means "must." *See Loyd v. Knight*, 288 Ark. 474, 706 S.W.2d 393 (1986) (noting that the word "shall" when used in a statute means that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to an absurdity). The notification that K.D. received did not include either of these categorical investigative determinations. Merely stating that there was "some credible evidence" found against him is not the same thing as definitively communicating that there is a true finding against him. The General Assembly's statute plainly requires an unambiguous communication on such an important topic. We hold that the notice did not adequately inform K.D. that a true finding had been entered against him and that he had the right to appeal. Therefore, we reverse and remand for an administrative hearing on the merits.

Because we agree with K.D. that the notice was deficient under the statute, we need not address his constitutional argument based on due process. Constitutional issues are avoided if or when the case can be disposed of without determining constitutional questions. *See Prock v. Bull Shoals Boat Landing*, 2014 Ark. 93, 431 S.W.3d 858; *Daniel v. Spivey*, 2012 Ark. 39, 386 S.W.3d 424; *Solis v. State*, 371 Ark. 590, 269 S.W.3d 352 (2007).

Reversed and remanded.

ABRAMSON and GLOVER, JJ., agree.

*Lassiter & Cassinelli*, by: *Jack T. Lassiter*, for appellant.

*Tabitha Baertels McNulty,* Office of Policy & Legal Services, for appellee.