ONE 1982 DATSUN 280ZX,
VIN NO. JN1CZ04S6CX625757, Arkansas License
No. IXK 624 and John NABORS *v.*
Wilbur C. BENTLEY, Prosecuting Attorney,
Sixth Judicial District, ex rel.,
NORTH LITTLE ROCK POLICE DEPARTMENT

84-240                                              685 S.W.2d 498

Supreme Court of Arkansas
Opinion delivered March 4, 1985
[Rehearing denied March 25, 1985.]

*John Wesley Hall, Jr.,* for appellants.

*Eddy Montgomery,* Deputy Prosecuting Attorney, for appellee.

DARRELL HICKMAN, Justice. The Pulaski County Circuit Court ordered John Nabors' 1982 Datsun forfeited because it had been used to deliver controlled substances. On appeal Nabors makes three arguments: the Arkansas forfeiture statute is unconstitutional because it violates Ark. Const. Art. 2 § 22 (1884); the burden of proof in such cases should be beyond a reasonable doubt rather than by a preponderance of the evidence; and the trial court improperly limited the cross-examination of the state's chief witness. Finding no merit to any of these arguments, we affirm.

The appellant concedes that under the United States Constitution and federal cases such statutes have been found to be legal. He argues, however, that the Arkansas Constitution has a unique provision protecting private property which is violated by this statute. That is Ark. Const. Art. 2 § 22, which reads:

> Property rights — Taking without just compensation prohibited. — The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor.

We held in *Albright* v. *Muncrief,* 206 Ark. 319, 176 S.W.2d 426 (1943), that personal property, which is not contraband per se, could still be considered contraband, subject to forfeiture, if used for an unlawful purpose. There we stated that the moment property is used in an unlawful business, it is liable to forfeiture and that under those circumstances the owner has no greater right in the property than any other person. In discussing a forfeiture statute which allowed forfeiture of gambling devices, we said:

> "For the promotion of the general welfare the state, under its police power, has the undoubted right to adopt the most expeditious, inexpensive, and effective mode of abolishing and abating the same."

Therefore, private property enjoys no constitutional privilege when it is knowingly used to defy the state's criminal

laws and trafficking in drugs is an especially insidious evil in our society.

The argument that the state must prove beyond a reasonable doubt that the vehicle was used for unlawful purposes has been rejected. *One 1961 Lincoln Continental Sedan* v. *United States,* 360 F.2d 467 (8th Cir. 1966). The overwhelming authority relies on the preponderance of the evidence standard. *Utley Wholesale Co.* v. *United States,* 308 F.2d 157 (5th Cir. 1962); *United States* v. *One 1955 Mercury Sedan,* 242 F.2d 429 (4th Cir. 1957); *D'Agostino* v. *United States,* 261 F.2d 154 (9th Cir. 1958) cert. denied, 359 U.S. 953 (1958).

Nabors also argues that the trial court erred in limiting the cross-examination of the state's chief witness. The argument is answered by quoting from the transcript which demonstrates the objection was waived:

Q. Have you been granted immunity?

A. Yes, I have.

Q. And since that time, you have been financially supported by the United States government.

[Prosecutor]: I object, your honor, that's a misleading question.

The Court: I don't think that is relevant and material.

Q. Since that time, let me ask it another way — well, that's all right. Anyway, you have been granted immunity to testify against him, right?

A. Yes, sir.

The defense waived any objection it had by not pursuing the subject. We, therefore, do not consider the point on appeal. See *Jones* v. *State,* 224 Ark. 134, 273 S.W.2d 534 (1955).

Affirmed.