Bryan K. BURNETT *v.* STATE of Arkansas

CA 95-87                                912 S.W.2d 441

Court of Appeals of Arkansas
Division I
Opinion delivered December 20, 1995

*Robert E. Irwin,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Deputy Att'y Gen., Senior Appellate Advocate, for appellee.

JOHN E. JENNINGS, Chief Judge. This is a civil forfeiture

action brought by the State under Arkansas Code Annotated section 5-64-505 (Repl. 1993) seeking the forfeiture to the State of a 1992 Chevrolet Silverado pickup truck, a 16-foot bass boat, and an outboard motor. After a hearing the circuit court found that the truck was being used to transport a controlled substance in violation of the law and that it should be forfeited to the State. The court also found the boat and motor should not be forfeited.

On appeal Burnett contends that the evidence was insufficient to support the court's decision to order the truck forfeited. We agree and therefore reverse and dismiss.

Arkansas Code Annotated section 5-64-505(a)(4) (Repl. 1993) provides that all conveyances, including vehicles, which are used to transport controlled substances for the purpose of sale or receipt are subject to forfeiture.

At the forfeiture hearing Jack Allen, a detective at the Cleburne County Sheriff's Department, was the only witness. He testified that he received a call from the owner of a pawn shop in Greers Ferry who was concerned because Burnett had come in and pawned a shotgun there but had told the owner he owned a pawn shop himself. The sheriff's office ran a check on Burnett and found several misdemeanor warrants on him for traffic violations. The officers went to Greers Ferry and found Mr. Burnett inside the Quik-Mart store. They arrested the defendant, who gave the officers permission to search the truck. They saw a .45 caliber pistol in plain view on the seat of the truck and a marijuana "roach" in the ashtray. In Burnett's wallet, which was also in the cab of the truck, they found .9 grams of methamphetamine. Burnett was subsequently charged and convicted in federal court for possessing the methamphetamine.

On this evidence the trial court made a finding that the truck "was being used to transport a controlled substance in violation of the law and that the same should be forfeited to the State." The statute, however, requires that the State prove that the vehicle was used to transport the controlled substance "for the purpose of sale or receipt."

A forfeiture action is an in rem civil proceeding, independent of any criminal charges that may be pending. *Gallia v. State*, 287 Ark. 176, 697 S.W.2d 108 (1985). The burden

of proof in the trial court is by a preponderance of the evidence. *Limon* v. *State*, 285 Ark. 166, 685 S.W.2d 515 (1985). Because the forfeiture statute is penal in nature and because forfeitures are not favorites of the law, the statute is interpreted narrowly. *Beebe* v. *State*, 298 Ark. 119, 765 S.W.2d 943 (1989). On appeal, we reverse the findings of the trial court only if they are clearly against a preponderance of the evidence. *Davison* v. *State*, 38 Ark. App. 137, 831 S.W.2d 160 (1992).

■ In the case at bar we can find no evidence whatsoever that appellant's truck was being used to transport the methamphetamine "for the purpose of sale or receipt." We recognize that Arkansas Code Annotated section 5-64-401 (Repl. 1993) permits an inference of intent to deliver when a defendant is in possession of more than 200 milligrams of a "stimulant drug." However, the State concedes, and we agree, that the statute has no application to a civil forfeiture proceeding.

Because our resolution of appellant's first issue disposes of the case, we need not reach the other issues raised.

Reversed and Dismissed.

ROGERS, J., and BULLION, S.J., agree.