1993 FORD PICK-UP (VIN # 1FTDF15Y4PNA28918);
Steve Grisham  *v.*  STATE of Arkansas

CA 04-29                                          196 S.W.3d 493

Court of Appeals of Arkansas
Opinion delivered October 27, 2004

*Jenkins Law Firm, PLLC,* by: *Kara Bideler Moore,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Misty Wilson Borkowski,* Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge.   Steve Grisham appeals from a forfeiture proceeding, arguing that the State failed to prove by a preponderance of the evidence that his 1993 Ford Pickup (VIN #1FTDF15Y4PNA28918) was used or intended to be used to transport, for the purpose of sale or receipt, a controlled substance. We agree; therefore, we reverse.[1]

On June 26, 2003, police executed a search warrant on a Fort Smith residence. At the residence, police found evidence of three separate methamphetamine laboratories along with empty cans, empty bottles, and stained coffee filters. Police found several vehicles on the property, one of which was stolen. Among the vehicles was a 1993 Ford Pickup parked near the front door of the house registered to Grisham and Nan Bartimus, Grisham's mother.[2] In the truck, Narcotics Supervisor George Lawson Jr. found a yellow piece of paper listing eight names and varying dollar amounts beside each name. Lawson testified that "I've seen papers just like this in pretty much every place that we go into where there is actual distributing of drugs and it's consistent with pruning out the narcotics to certain individuals and then writing down what they owe. I mean, it's basically business accounting practices." Grisham, representing himself at the September 10, 2003 hearing, testified that the piece of paper was an accounting of people he had lent money to over the years. Lawson was then recalled and testified that one of the persons on the list was arrested for narcotics. During the search of the residence, a man, later

---

[1] Grisham also makes a constitutional argument, stating that the forfeiture of the truck violates his Due Process rights.  Grisham failed to make these arguments below, and we do not address arguments not raised at the trial court level.  *Wal-Mart Stores, Inc. v. Lee,* 348 Ark. 707, 74 S.W.3d 634 (2002).  Even if we were to consider the argument, the Arkansas Supreme Court has already addressed the issue.  *See One 1982 Datsun 280ZX v. Bentley,* 285 Ark. 121, 685 S.W.2d 498 (1985) (affirming the constitutionality of the forfeiture statute under article 2, section 22 of the Arkansas Constitution).  *See also Bennis v. Mitchell,* 516 U.S. 442 (1996) (holding that the Michigan forfeiture statute was not a violation of the Fifth and Fourteenth Amendments of the United States Constitution).

[2] Bartimus filed an Affidavit of No Interest in the vehicle.  She is not a party to this appeal.

identified as Grisham, rode by the residence on a motorcycle and left. Grisham testified that he did not make an attempt to claim his truck that day because he felt it was best to stay away.

Five days after the search, Grisham contacted Lawson and asked about getting his truck back. Grisham told Lawson that he had taken the motorcycle and left his truck at the residence. Grisham also told Lawson that he knew that methamphetamine was produced at the residence and that anyone who walked onto the property would have known that the property was a methamphetamine laboratory simply because of the amount of chemicals on the property.

After hearing testimony, the court found that grounds for forfeiture existed under Ark. Code Ann. § 5-64-505 (Supp. 2003). This appeal followed.

■ ■ Forfeiture actions are *in rem* civil proceedings, independent of any pending criminal charges. *Burnett v. State*, 51 Ark. App. 144, 912 S.W.2d 441 (1995). The burden of proof in the trial court is by a preponderance of evidence. *Id.* Because the forfeiture statute is penal in nature and because forfeitures are not favored under the law, the forfeiture statute is to be narrowly interpreted. *Id.* This court will reverse the findings of the trial court only if they are clearly against the preponderance of the evidence. *Id.*

■ Arkansas Code Annotated section 5-64-505(a)(4) provides for the forfeiture of:

[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in subdivision (a)(1) or (2) of this section [referring to controlled substances and other drug paraphernalia].[3]

The statute requires proof that "the vehicle was used to transport the controlled substance 'for the purpose of sale or receipt.' " *Burnett*, 51 Ark. App. at 145, 912 S.W.2d at 441-42.

■ In this case, a piece of paper (the drug dealer's accounting method) was found in a wallet found in a truck on property known to be a methamphetamine lab. Our standard of review

---

[3] While other potential theories were alleged in the original complaint (e.g., the truck was given in exchange for drugs), the parties dispute the applicability of subsection (a)(4) only.

requires us to accept Lawson's testimony and conclude that the piece of paper was "drug paraphernalia"; however, there is no proof that the truck was used to transport drugs. No one testified that the truck was used to transport any drugs. The trial court may have drawn this inference based on the minimal evidence presented, but the proof does not support such an inference. Because there was no evidence to show that the truck had been used or was intended for use in transporting drugs, we reverse.

Reversed.

NEAL and ROAF, JJ., agree.