Jeffrey RIDENHOUR
2004 Dodge Pickup Vin # 3D7KU26684G13975  *v.*
STATE of Arkansas

CA 06-867                                    250 S.W.3d 566

Court of Appeals of Arkansas
Opinion delivered February 28, 2007

*Witt Law Firm*, by: *Ernie Witt*; *Caitlin M. Stewart*, for appellant.

*Mike Beebe*, Att'y Gen., by: *LeaAnn J. Irvin*, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. Appellant Jeffrey Ridenhour appeals a judgment entered by the Scott County Circuit Court granting the State's complaint for forfeiture of Ridenhour's 2004 Dodge pickup truck. For reversal, Ridenhour argues that the evidence was insufficient to support the trial court's judgment ordering the forfeiture. We agree and reverse and dismiss.

At the forfeiture hearing, Arkansas State Trooper Shane Meyer testified that he initiated a traffic stop after he observed Ridenhour, driving the truck in question, fail to stop at a stop sign. After Trooper Meyer confirmed that Ridenhour was the owner of the truck and that his license was suspended, he arrested Ridenhour and called a wrecker service to tow the truck. Before the wrecker service arrived, Trooper Meyer searched the truck and discovered a plastic bag of a green leafy substance in a boot behind the driver's seat. The substance was later confirmed to be mari-

juana. On the way to the Scott County Jail, Trooper Meyer noticed that Ridenhour "kept playing with his feet." He advised Ridenhour that once they arrived at the jail Ridenhour would be searched. Ridenhour then confessed to having marijuana in his right boot. The total amount of marijuana found in the truck and on Ridenhour was 64.5 grams.

Ridenhour testified that he owned the truck and that he bought it with money he received when his father died. He testified that he had been a marijuana smoker for some time. He denied selling marijuana. On the day in question, he testified that he worked on his farm and then went to the cemetery for a couple of hours with his girlfriend to visit the graves of his father and brother. He admitted to smoking marijuana at the cemetery. He testified that he left with his girlfriend to get something to eat, which is when he was pulled over, and that he planned to smoke more marijuana later that night. Ridenhour claimed that some of his girlfriend's belongings were behind the seat of the truck because she was planning to stay the night with him. At one point he testified that he knew that the marijuana in the boot behind the seat belonged to his girlfriend but did not know she had that much. Later, he testified that he was not aware that his girlfriend had marijuana on her person or within her control. He denied ownership of the boot in the back of the truck, did not know whose boot it was, and did not know how it got there.

The State's complaint for forfeiture alleged that the truck "was held by [Ridenhour] and was then (1) intended to be furnished in exchange for controlled substances, (2) traceable as proceeds from such a transaction, or (3) used to facilitate a drug related crime."[1] Based on the evidence, the trial court ordered forfeiture. The findings in the judgment of the trial court mirror the allegations made by the State in its complaint. Ridenhour's sole point on appeal is that the trial court erred in denying his motion for directed verdict.

The State contends that Ridenhour's sufficiency-of-the-evidence argument is not preserved for appeal. At the hearing,

---

[1] The forfeiture statute enumerates multiple items, including a vehicle, that are subject to forfeiture. Ark. Code Ann. § 5-64-505 (Repl. 2005). The first two forfeiture allegations made by the State, that the vehicle was intended to be furnished in exchange for controlled substances and the vehicle was traceable as proceeds from such a transaction, are included in the statute. *Id.* § 5-64-505(a)(6)(A). The third allegation, that the vehicle was "used to facilitate a drug related crime," is not.

Ridenhour's motion for directed verdict was essentially a recitation of the allegations made by the State in its complaint. Ridenhour placed additional emphasis in his directed-verdict motion on the State's third allegation by arguing that there was insufficient evidence to conclude that the truck was used to facilitate a drug-related crime. On appeal, Ridenhour argues, for the first time, that the trial court's order of forfeiture was clearly erroneous because the State failed to present any evidence that Ridenhour's vehicle was used to transport, for the purpose of sale or receipt of property, a controlled substance.[2]

■ Although Rule 50(a) of the Arkansas Rules of Civil Procedure provides that a party *may* move for directed verdict in a non-jury case, our supreme court has held that, in a non-jury trial, a party who does not challenge, or does not properly challenge, the sufficiency of the evidence does not waive the right to do so on appeal. *$15,956 in United States Currency v. State*, 366 Ark. 70, 233 S.W.3d 598 (2006) (citing *Oates v. Oates*, 340 Ark. 431, 10 S.W.3d 861 (2000) (holding that in a non-jury trial, a party who does not challenge the sufficiency of the evidence does not waive the right to do so on appeal)); *FirstBank of Ark. v. Keeling*, 312 Ark. 441, 850 S.W.2d 310 (1993) (finding that in a bench trial, it is not necessary to move for a directed verdict in order to appeal on the basis of insufficiency of the evidence); *Bass v. Koller*, 276 Ark. 93, 632 S.W.2d 410 (1982) (holding that appellants did not waive the right to question the sufficiency of the evidence despite failing to renew the directed-verdict motion at the close of all the evidence). Because this was a civil non-jury trial, we hold that Ridenhour's sufficiency argument, although based on grounds not asserted at the hearing below, is nonetheless preserved for review.

We next turn to the issue of whether there was sufficient evidence to support the trial court's order of forfeiture. Forfeiture is an in rem civil proceeding, independent of any pending criminal charge, to be decided by a preponderance of the evidence. *Burnett v. State*, 51 Ark. App. 144, 912 S.W.2d 441 (1995). Because the forfeiture statute is penal in nature, and forfeitures are not favorites

---

[2] Pursuant to § 5-64-505(a)(4)(A), a vehicle is subject to forfeiture when it is used to transport, for sale or receipt, any controlled substance.

of the law, the statute is construed narrowly on appeal. *Id.* The trial court's decision granting forfeiture will not be set aside unless it is clearly erroneous. *Id.* A trial court's decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with a definite and firm conviction that a mistake has been committed. *State v. 26 Gaming Machines*, 356 Ark. 47, 145 S.W.3d 368 (2004). We review the evidence in the light most favorable to the appellee. *Id.*

The applicable forfeiture statute provides:

> (a) The following are subject to forfeiture upon the initiation of a civil proceeding filed by the prosecuting attorney and when so ordered by the circuit court in accordance with this section, . . . :
>
> . . .
>
> (4)(A) Any conveyance, including an airplane, vehicle, or vessel, that is used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of [any controlled substance]. . . .

Ark. Code Ann. § 5-64-505(a)(4)(A).

In support of reversal, Ridenhour cites *1993 Ford Pickup v. State*, 88 Ark. App. 172, 196 S.W.3d 493 (2004), where the State was awarded forfeiture of a truck that was found outside a home known to be a methamphetamine laboratory. Inside the truck, police officers found a list of names with varying dollar amounts beside each name. An officer testified that this type of list was consistent with the distribution of drugs. On appeal, this court reversed holding that even if the list was drug paraphernalia, there was no proof that the truck was used to transport drugs for the purpose of sale or receipt. Ridenhour contends that there is less evidence in his case that his truck was being used to transport marijuana for the purpose of sale or receipt than was presented in *1993 Ford Pickup*.

We find our decision in *Burnett v. State*, 51 Ark. App. 144, 912 S.W.2d 441 (1995) even more instructive. In *Burnett*, the trial court entered an order of forfeiture finding that defendant's truck

was being used to transport a controlled substance when 0.9 grams of methamphetamine was found in his truck. We reversed, holding that there was no evidence that the truck was being used to transport methamphetamine for the purpose of sale or receipt.[3]

■ In the case at bar, all of the evidence presented to the trial court established that Ridenhour was in possession of marijuana. However, mere possession of a controlled substance does not satisfy the requirements set forth in the civil forfeiture statute. The statute requires that the State establish by a preponderance of the evidence that Ridenhour's truck was being used to transport marijuana "for the purpose of sale or receipt." We find no such evidence. Accordingly, we reverse the judgment of the trial court and dismiss the State's complaint.

Reversed and dismissed.

HEFFLEY and MILLER, JJ., agree.

---

[3] Although the State does not raise this issue, we note that in *Burnett* we also held that Ark. Code Ann. § 5-64-401 (Repl. 2005), which provides, in part, that the intent to deliver is presumed when a defendant is in possession of a certain amount of a controlled substance, does not apply to civil forfeiture proceedings.