**Sue GREGORY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA 10–774.**

Court of Appeals of Arkansas.

Feb. 16, 2011.

Norman Douglas Norwood, Rogers, Allison Lee, Little Rock, for appellant.

Vada Berger, Little Rock, for appellee.

CLIFF HOOFMAN, Judge.

Appellant Sue Gregory appeals the trial court's decision ordering forfeiture of a scanner, camera, and computer that had been seized during a search of Gregory's property eight years prior to the forfeiture hearing. Gregory argues on appeal that (1) there was insufficient evidence to support the trial court's decision because the statute in question, Ark.Code Ann. § 5-64–505, does not apply to property such as computers, cameras, and scanners, and the State did not offer any evidence that the seized items were used in drug-related activity; and (2) the trial court erred in not dismissing the forfeiture petition for violation of her due-process rights, due to the eight-year delay in holding the forfeiture hearing. We affirm the trial court's decision forfeiting the scanner and camera as Gregory did not assert any ownership rights in these items, and thus, she has no standing to challenge their forfeiture. However, we reverse the order of forfeiture as to the computer, because there was no evidence properly admitted to support the finding that the computer was connected to drug-related activity.

According to testimony presented at the forfeiture hearing, on February 14, 2002, members of a multi-agency drug task force in Marion County obtained a search warrant for the residence shared by Gregory and Michael Tolliver, based on information the officers had obtained about a methamphetamine business that was located there. During the search, the officers located a schedule three narcotic (testosterone), drug paraphernalia, firearms, and two purses containing $15,002 in cash, all with-in the same bedroom. The officers seized the firearms and currency at that time, along with a computer, a digital camera, and a scanner, which were found in a separate room that appeared to be used as an office.

On March 8, 2002, the prosecuting attorney of the judicial district where the property was seized filed an *In Rem* Complaint for forfeiture of the property, naming Gregory and Tolliver as potential claimants. The complaint listed five firearms, a Dell computer, a Kodak digital camera, a Uniden scanner, and $15,002 in currency.[1] The complaint stated that all of these items were possessed by Gregory and Tolliver "simultaneously with an amount of illegal drugs and drug paraphernalia," that at least one of the claimants was a convicted felon and so the firearms were also forfeitable for that reason, and that the money was found in close proximity to controlled substances and drug paraphernalia under facts and circumstances indicating that the money was profit that was traceable to the exchange of controlled substances. A confiscation report was attached to the forfeiture complaint as well, listing the specific items seized.

On April 18, 2002, Gregory filed her answer, in which she claimed ownership of the firearms, the currency, and the computer. She alleged that she acquired the guns and computer by purchase and that the currency was acquired from repayment of a loan she had made to her children and her father. Gregory further alleged that the items were not furnished or intended to be furnished in exchange for a controlled substance, nor were the items found in close proximity to forfeitable substances or paraphernalia, and thus, these

---

1. Although the forfeiture complaint incorrectly listed the amount of currency seized as $1,502, it was later established that it was actually $15,002 in currency.

items were not subject to forfeiture. She also attached several documents as proof of her allegations as to ownership of these items. On April 25, 2002, Tolliver filed his pro se answer to the complaint, wherein he claimed ownership of the digital camera and the scanner. There was an additional response filed on May 22, 2002, by Tolliver's attorney that corrected the amount of money initially stated in the forfeiture complaint.

According to the civil docket in the case, there was no further action taken on the forfeiture complaint for more than five years. On October 15, 2007, Judge Putman of the Marion County Circuit Court issued a notice in the case that if no action was taken within thirty days, the case would be dismissed. After the hearing was set at the request of the prosecutor and then reset at the request of Gregory, it was held on October 28, 2009.

At the forfeiture hearing on that date, it was established that Tolliver had previously pled guilty to criminal charges in October 2002 and that as a part of that plea agreement, he had waived any right to the items seized during the search. Judge Putman excused Tolliver from the case at his request. Gregory, through her attorney, asked that the case be dismissed due to the lengthy delay in prosecution and so that she could pursue her federal case, which included claims relating to the forfeiture and that had been stayed by the federal judge until the resolution of this case. Judge Putman then realized at this hearing that he had signed the original forfeiture complaint as the prosecutor at the time and decided to recuse. After several more attempts to reset the case

with Judge Womack, it was finally heard on February 23, 2010.

At the hearing, Gregory again argued that the case should be dismissed due to the delay in holding the hearing. She contended that she had been denied due process of law under the Fifth Amendment to the United States Constitution and article 2, section 8 of the Arkansas Constitution. According to Gregory's argument, it was the burden of the prosecution to move forward with the forfeiture action, and because it had been eight years since the original complaint was filed, the trial court should dismiss the case and return her property that was seized. The trial court denied Gregory's motion to dismiss based on due process, stating that there had been some "ongoing action, either in this case or some adjacent case" and that Gregory had not tried to "move this thing along either." According to evidence presented at the hearing, Gregory's firearms and currency had been returned to her in 2002, when Tolliver's criminal case was resolved.[2] However, the State still contended that those items should be forfeited, as well as the scanner, camera, and computer, of which the State still had possession.

At the close of the evidence, Gregory argued that the evidence was not sufficient to support forfeiture of the scanner, camera, and computer, as there was no evidence that they were linked to any criminal activity. Gregory also renewed her motion to dismiss based on due process. The trial court denied both motions and found that there was a presumption under the relevant statute, Ark.Code Ann. § 5–64–505 (Supp.2001),[3] that all of the items

**2.** Gregory was apparently not charged with any criminal activity as a result of the original search in 2002.

**3.** We follow the version of the statute in existence when the seizure occurred and the complaint and answers were filed in 2002, although the provisions most relevant to this case have not materially changed.

seized were subject to forfeiture and that Gregory had failed to overcome that presumption. However, the trial court found that the State had waived its claim to forfeiture of the firearms and currency since they had been returned to Gregory without following the proper procedure under Ark.Code Ann. § 5–64–505(e), which would allow it to transfer possession to Gregory and still retain its pending claim to the property. The trial court did find that the scanner, digital camera, and computer should be forfeited. Gregory now appeals from this decision.

 Gregory first argues that the evidence was insufficient to show a violation of Ark.Code Ann. § 5–64–505, because the statute does not apply to property such as computers, cameras, and scanners, and the State did not offer any evidence that the unreturned seized items were used in drug-related activity. Because both of Gregory's arguments on this point on appeal challenge the sufficiency of the evidence, we address them jointly. A forfeiture is an *in rem* proceeding, independent of a criminal charge, and is to be decided by the trial court by a preponderance of the evidence. *$15,956 in U.S. Currency v. State*, 366 Ark. 70, 233 S.W.3d 598 (2006). We do not set aside a trial court's decision granting forfeiture unless it is clearly erroneous. *Id.* The decision is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing all of the evidence is left with a definite and firm conviction that a mistake has been committed. *Id.*

According to the subsections of Ark. Code Ann. § 5–64–505(a) that are relevant to this case, the following are subject to forfeiture upon the initiation of a civil proceeding filed by the prosecuting attorney and when so ordered by the circuit court in accordance with this section:

(2) All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or counterfeit substance in violation of this chapter;

. . .

(6) Everything of value furnished or intended to be furnished in exchange for a controlled substance or counterfeit substance in violation of this chapter, all proceeds and profits traceable to such an exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of this chapter; except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner by reason of any act or omission established by him, by a preponderance of the evidence, to have been committed or omitted without his knowledge or consent.

REBUTTABLE PRESUMPTIONS. All moneys, coin, and currency found in close proximity to forfeitable controlled substances, to counterfeit substances, to forfeitable drug manufacturing or distributing paraphernalia, or to forfeitable records of the importation, manufacture, or distribution of controlled substances or counterfeit substances are presumed to be forfeitable under this paragraph. The burden of proof is upon claimants of the property to rebut these presumptions by a preponderance of the evidence.

 While Gregory contends that there was insufficient evidence to establish forfeiture of the digital camera and scanner, as the State argues, she does not have standing to challenge the forfeiture of these two items. To contest a civil-forfeiture action, the claimant must first establish standing by alleging an ownership

interest in the property sought to be forfeited. *United States v. One (1) 1976 Cessna Model 210L Aircraft*, 890 F.2d 77 (8th Cir.1989); *see also In re Three Pieces of Property Located in Monticello, Arkansas*, 81 Ark.App. 235, 100 S.W.3d 76 (2003) (relying on federal forfeiture cases in deciding forfeiture case under the Arkansas statute).

■ In her answer to the forfeiture complaint, Gregory asserted ownership rights only to the computer, while Tolliver's answer claimed ownership of the camera and the scanner. The only time in which Gregory asserted an interest in the camera and scanner was at the forfeiture hearing, wherein she stated that all items in the house actually belonged to her. She did not, however, at any time present documentation establishing her ownership of these items as required by Ark.Code Ann. § 5–64–505(g)(4), which provides that the claimant shall, in her answer, describe her interest in the seized property, along with supporting documentation. The purpose of a verified claim is to inform the trial court that there is a claimant to the property who wants it returned and intends to defend it. *United States v. Three Parcels of Real Property*, 43 F.3d 388 (8th Cir.1994). Thus, because she did not follow the procedure required by the statute to establish a claim to the camera and scanner, we need not address her argument as to whether these two items were properly forfeited.

■ We next address Gregory's argument as to whether the trial court clearly erred in ordering forfeiture of the computer. Gregory contends that the forfeiture statute does not apply to property such as a computer and that, even if it does apply, the State failed to provide any evidence that the computer was related to a violation of the Controlled Substances Act, as is required under the statute for an item to be forfeited. Gregory argues that the trial court erred in finding that there was a presumption under the statute that the computer was properly forfeited and that she had the burden to rebut this presumption.

■ We decline to address whether Ark.Code Ann. § 5–64–505 is generally applicable to items such as a computer, because in the present case, we agree with Gregory that the State failed to provide sufficient evidence that the computer was properly forfeited under the statute and that the trial court erred in applying the rebuttable presumption contained in the statute to the computer. The rebuttable presumption set out above only applies to "moneys, coin, and currency." Ark.Code Ann. § 5–64–505(a)(7). Because Gregory filed a verified answer asserting that the computer was not subject to forfeiture, the State then had the burden to prove by a preponderance of the evidence that the computer was properly forfeited under the statute. *See* Ark.Code Ann. § 5–64–505(g)(5). The only evidence presented by the State in connection with the computer was by James Moffett, Jr., who was part of the drug task force that served the search warrant on Gregory's residence. Moffett testified at the forfeiture hearing as follows:

> MOFFETT: We learned through our own investigation and were told by other investigators and other concerned citizens that he had been purchasing gas from a place called Scott's Gas to manufacture methamphetamine. He had been buying his pseudoephedrine and ephedrine pills over the internet using his computer at home. Ms. Hodge, who headed the investigation for the Baxter County Sheriff's Office told me about the buying of pills over the internet.
>
> GREGORY'S ATTORNEY: Objection. That is hearsay, your Honor.

. . . .

TRIAL COURT: I tend to agree, unless you can cite me something specific.

PROSECUTOR: Judge, let me move on.

There was no further objection to this ruling by the State, and there was no other evidence introduced by the State proving that the computer was related in any way to a controlled or counterfeit substance in violation of the statute. Thus, the only evidence in connection with the computer was inadmissible hearsay. Even if this court considers all of the evidence, including the hearsay evidence,[4] we find that this did not rise to the level required under the statute.

In *Ridenhour v. State*, 98 Ark.App. 116, 250 S.W.3d 566 (2007), this court reversed the trial court's decision ordering forfeiture of a truck, where the evidence was insufficient to show that the truck was used to transport marijuana for the purpose of sale or receipt as required under the statute, even though there was a bag of marijuana found behind the driver's seat of the truck. Similarly, in *1993 Ford Pick-Up (VIN # 1FTDF15Y4PNA28918) v. State*, 88 Ark.App. 172, 196 S.W.3d 493 (2004), this court reversed the trial court's order forfeiting a truck, where a receipt detailing the drug dealer's accounting method was found in a wallet in the truck, which was also parked on property known to be a methamphetamine lab. As stated by this court in *Ridenhour, supra*, because forfeiture statutes are penal in nature and because forfeitures are not favored under the law, the forfeiture statute must be construed narrowly on appeal. *Id.* at 119–20, 250 S.W.3d at 569.

Here, the State had ample opportunity to present evidence that the computer was used to purchase a controlled or counterfeit substance. Yet, there was no such evidence presented, other than the hearsay testimony of the drug-task officer, who was apparently merely reciting the evidence used to support the issuance of the search warrant. We further note, as Gregory points out in her argument, that methamphetamine was not actually found at the residence, nor were the precursors that were allegedly bought using the computer at issue. Thus, we find that the State failed to prove by a preponderance of the evidence that the computer should be forfeited under Ark.Code Ann. § 5–64–505 and that the trial court's decision ordering forfeiture of this item is clearly erroneous. We reverse the forfeiture order as to the computer and remand to the trial court with directions to order the immediate return of the computer to Gregory.

Gregory also argues that the trial court erred by not dismissing the State's forfeiture petition for violation of due process of law due to the eight-year delay in holding the hearing. However, because we are reversing the trial court's decision regarding the computer, we do not address her due-process arguments. *See Solis v. State*, 371 Ark. 590, 269 S.W.3d 352 (2007) (stating that if an appellate court can resolve a case without addressing constitutional arguments, it must do so).

Affirmed in part; reversed and remanded in part.

GLOVER and ABRAMSON, JJ., agree.

---

4. *See Davis v. State*, 362 Ark. 34, 207 S.W.3d 474 (2005) (stating that appellate courts should consider all of the evidence in the light most favorable to the State in reviewing a challenge to the sufficiency of the evidence, including evidence that was inadmissible).