SLIP OPINION

Cite as 2013 Ark. App. 437

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-12-1067

| | | |
|---|---|---|
| KIMBERLY WALKER | | **OPINION DELIVERED** AUGUST 28, 2013 |
| | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT, [NO. CV-2011-510-IV] |
| V. | | |
| | | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

In this civil-forfeiture action, appellant Kimberly Walker's 1963 Chevrolet Impala was forfeited to the State by order filed September 10, 2012, in Garland County Circuit Court. Appellant argues that the State failed to prove by a preponderance of the evidence that forfeiture was appropriate under Arkansas Code Annotated section 5-64-505 (Supp. 2011). We affirm.

A forfeiture hearing was held on June 28, 2012. The State presented evidence that appellant's husband, Anthony Walker, was arrested while driving a 1963 Chevrolet Impala on April 10, 2011, when Officer John Hammonds of the Hot Springs police stopped him for a traffic violation. Hammonds testified that he observed Walker was alone and had a bag of marijuana that was visible in his shirt pocket. Hammonds also discovered around $5600 in cash in the vehicle and one gram of crack cocaine in Walker's left shoe. The currency was described in the varying denominations of bills found.

SLIP OPINION

Officer Allen Constant with the Arkansas Drug Task Force (ADTF) seized the cash and vehicle after Walker's arrest, finding in the vehicle an expired insurance card in the name of Anthony and Kim Walker. The registration found reflected that the Impala was registered to Kimberly Walker.

Appellant moved for directed verdict at the close of the State's presentation of evidence arguing that the State failed to prove that the vehicle was used for the purpose of a sale.[1][2] The circuit court denied the motion, reasoning that the money found in the car in proximity to the narcotics was enough evidence to defeat the motion.

Walker's sister testified that she had given her brother $5500 to invest in his dairy-bar business. On cross-examination, she testified that she already owned an interest in the dairy bar when Walker was arrested. Appellant testified that she is married to Walker, has two children, and works as a teacher. She said that she bought the Impala in 2003 and allowed her husband to drive it. She claimed that she never thought her husband would use the vehicle for an illegal purpose because he assured her that he was not doing anything wrong. She also claimed that she had never seen drugs on her husband nor seen anything around her house.

---

[1]Because this was a civil non-jury trial, a motion for directed verdict was not necessary to preserve the sufficiency argument for appellate review. Ark. R. Civ. P. 50 (2012); *Ridenhour v. State*, 98 Ark. App. 116, 250 S.W.3d 566 (2007).

[2]Appellant failed to argue that the vehicle was not subject to forfeiture pursuant to Ark. Code Ann. section 5-64-505(a)(4)(C), which provides that a conveyance is not subject to forfeiture for possession of a controlled substance. Thus, this argument is not preserved for appellate review nor argued in the appellate brief.

SLIP OPINION

On cross-examination, appellant agreed that Walker had been arrested on April 3, 2008, and cocaine was found in their house when it was searched. She was also aware that Walker was arrested on September 9, 2009, having cocaine and $9518 in his possession. She further admitted that she was aware that Walker was arrested on May 17, 2010, after a vehicle stop involving possession of crack cocaine, and at the time, Walker had $4382 in his possession. She testified that she has a Cadillac CTS that she drives to work and that the Impala is not her primary vehicle. She admitted, however, that she signed an affidavit stating that she needed the Impala to go to work and transport her children.

Appellant's renewed motion for directed verdict was denied. The circuit court ordered the vehicle forfeited to the State. The order reflects in part as follows:

9. That Separate Defendant Anthony Walker has previously consented to the forfeiture of the cash and renounced any title or interest he may have acquired in the 1963 Chevrolet Impala vehicle.

10. That the [State] in its case in chief presented sufficient evidence to sustain the forfeiture of the conveyance pursuant to A.C.A. § 5-64-505.

11. That testimony presented by the owner of the vehicle, Kimberly Walker, was insufficient to rebut the [State's] evidence pertaining to forfeiture.

12. That Separate Defendant Kimberly Walker either knew or should have reasonably known that the vehicle would be used to transport or in any manner to facilitate the transportation for the purpose of sale or receipt of a controlled substance.

13. That in addition, Separate Defendant Kimberly Walker failed to submit proof by way of credible testimony or exhibits that the Separate Defendant Anthony Walker had no knowledge that the car was being used for an illegal purpose.

Appellant filed a timely notice of appeal.

A forfeiture action is an in rem civil proceeding that is independent of any criminal charges and is decided by a preponderance of the evidence. *In re Gaucha-IGA 12 Gauge*, 2011 Ark. App. 591. We will not set aside a trial court's decision to grant a forfeiture unless



it is clearly erroneous, i.e., unless we are left with a definite and firm conviction, after reviewing all of the evidence, that a mistake has been committed. *Id.* We review the evidence in the light most favorable to the appellee. *Ridenhour, supra.*

Arkansas Code Annotated section 5-64-505 provides in pertinent part as follows:

(a) Items Subject to Forfeiture. The following are subject to forfeiture upon the initiation of a civil proceeding filed by the prosecuting attorney and when so ordered by the circuit court in accordance with this section, however no property is subject to forfeiture based solely upon a misdemeanor possession of a Schedule III, Schedule IV, Schedule V, or Schedule VI controlled substance:

. . . .

(4) Any conveyance, including an aircraft, vehicle, or vessel that is used or intended for use to transport or in any manner to facilitate the transportation for the purpose of sale or receipt of property described in subdivisions (a)(1) or (a)(2) of this section, however:

(B)(i) No conveyance is subject to forfeiture under this section by reason of any act or omission established by the owner of the conveyance to have been committed or omitted without his or her knowledge or consent.

(ii) Upon a showing described in subdivision (a)(4)(B)(i) of this section by the owner or interest holder, the conveyance may nevertheless be forfeited if the prosecuting attorney establishes that the owner or interest holder either knew or should reasonably have known that the conveyance would be used to transport or in any manner to facilitate the transportation for the purpose of sale or receipt of property described in subdivisions (a)(1) or (a)(2) of this section[.]

Ark. Code Ann. § 5-64-505(a)(4)(B)(i), (ii).

Appellant argues that the State failed to prove that the Impala was "used or intended for use to transport or in any manner to facilitate the transportation, for the purpose of sale or receipt" of a controlled substance. Ark. Code Ann. § 5-64-505(a)(4). She contends that mere possession of a controlled substance is not enough to satisfy the requirements for civil



forfeiture, citing *Ridenhour, supra.* In *Ridenhour*, this court held that the evidence was insufficient to support forfeiture of a truck where no evidence was submitted that supported that the truck was used for the sale of the marijuana found in the defendant's possession. *Id.*

Appellant relies on *Burnett v. State*, 51 Ark. App. 144, 912 S.W.2d 441 (1995), which is cited as instructive in *Ridenhour*. In *Burnett*, this court held that discovery of one "roach" of marijuana in the pickup truck, a handgun, and 0.9 grams of methamphetamine in the claimant's wallet was insufficient to make the necessary showing that the truck was being used to transport drugs "for the purpose of sale or receipt" under the forfeiture statute. *Id.* at 145, 912 S.W.2d at 441. Appellant argues that the present case is almost identical to *Burnett* in that Walker was arrested on a traffic stop and marijuana, one gram of crack cocaine, and $5600 were found in his possession. She contends that no inference that the vehicle was used for a drug sale should be made based on possession of narcotics and cash.

Appellant attempts to distinguish *In re One 1994 Chevrolet Camaro*, 343 Ark. 751, 37 S.W.3d 613 (2001), where the operator of the seized vehicle admitted to selling drugs. Appellant emphasizes her argument that, here, there was no evidence that demonstrated that the Impala was used in conjunction with a drug sale or receipt of drugs. She points to the lack of an admission to selling drugs by Walker and argues that there was no testimony as to what the denominations of money meant, just that there were numerous denominations of currency. Appellant contends that there was no testimony that Walker had purchased or received drugs from anyone. She argues that, other than the cash and the drugs, there was no evidence presented and, interpreting the forfeiture statute narrowly, there is no evidence

SLIP OPINION

to show that Walker was attempting to use his vehicle for the purpose of sale or receipt of drugs.

Appellant's final argument is that the State failed to meet its burden under the statute to prove that she knew of the drug trafficking and that Walker, who was using her car with permission, knew of it, citing Arkansas Code Annotated section 5-65-505(a)(4)(ii) (Repl. 1997).[3] She claims that she had no knowledge that her husband had taken her car on the night he was arrested. She contends that, when she discovered that he had taken it, she was not concerned because he had recently promised her that he was not involved in drug activity. She emphasizes that she and Walker's sister testified that the money found on Walker was for a dairy-bar business. Further, she contends that Walker testified that the drugs were for his personal use and that Walker was not charged with intent to sell. She contends that the State proffered no evidence to indicate that Walker was selling narcotics in the vehicle.

The State contends that the forfeiture of the Impala was supported by a preponderance of the evidence. We agree. The cash seized during Walker's traffic stop amounted to $5641, of which $4660 was in twenty-dollar bills. The State argues that *Burnett*, where the defendant was found to possess small amounts of marijuana, methamphetamine, and a handgun, is distinguishable. Here, Walker was driving around Hot Springs at 11:00

---

[3]Effective July 30, 1999, the General Assembly amended Arkansas Code Annotated section 5-65-505, by, among other things, eliminating the requirement that the owner establishes that forfeitable acts occurred "without the knowledge or consent of anyone having possession, care, or control of the conveyance with the owner's permission[.]" Act 1120 of 1999, § 2; *In re One 1994 Chevrolet Camaro*, 343 Ark at. 759, 37 S.W.3d at 618.

p.m. on a Sunday night. He had $5641 on his person, and all but $700 was in small bills. *Burnett* was found with a marijuana roach in his ashtray, while Walker's marijuana was in a plastic bag in his shirt pocket. Here, the testimony regarding the explanation for the money was contradictory. It is up to the circuit court to determine credibility questions. *In re Gaucha-IGA 12 Gauge, supra.* We also note that, in *Pyle v. State*, 314 Ark. 165, 862 S.W.2d 823 (1993), the Arkansas Supreme Court held that possession of a large amount of cash was relevant to show that the defendant sold drugs.

Appellant's testimony regarding Walker's arrest record supports the circuit court's decision that appellant either knew or should have known that the vehicle would be used to transport illegal drugs for sale or receipt. The State argues that it is disingenuous to claim that a promise from a husband with a history of drug use would convince a reasonable person that there was no chance that Walker could be engaged in any illegal drug activity late on a Sunday night. Again, the circuit court determines questions of credibility. *In re Gaucha-IGA 12 Gauge, supra.*

Affirmed.

WALMSLEY and HARRISON, JJ., agree.

*Hurst, Morrissey & Hurst, PLLC*, by: *Josh Q. Hurst*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Att'y Gen., and *Margaret Ward*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, for appellee.