Cite as 2025 Ark. App. 235

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CV-24-159

| | |
|---|---|
| DONALD STALIK | Opinion Delivered April 16, 2025 |
| APPELLANT | |
| | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT |
| V. | [NO. 43CV-22-273] |
| STATE OF ARKANSAS | HONORABLE SANDY HUCKABEE, |
| APPELLEE | JUDGE |
| | AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Donald Stalik appeals from a judgment of the Lonoke County Circuit Court ordering forfeiture of a 2008 Freightliner XMH ("the RV") and a High Roller bill counter. On appeal, Stalik contends that the circuit court erred in granting a complete forfeiture of the RV that was subject to a lien. We affirm.

On March 14, 2022, Stalik was a passenger in the RV traveling on Interstate 40 in Lonoke County when a traffic stop was conducted by Officer Dustin Arnold of the Arkansas State Police. As Officer Arnold approached the RV to speak with the driver, he smelled the odor of marijuana coming from the RV. Stalik and the driver were removed from the RV, and a subsequent search revealed approximately 250 pounds of marijuana and 6 pounds of THC wax, a bill counter, a firearm, and $2000 in cash. Stalik was the owner of the RV; both Stalik and the driver were arrested. Stalik was charged with multiple drug and firearm

offenses, and on December 14, 2022, he entered a negotiated guilty plea to the offense of possession of a Schedule VI controlled substance with purpose to deliver (greater than twenty-five pounds, less than one hundred pounds) (Class B felony) and possession of a firearm by certain persons (Class D felony). He was sentenced to eight years' probation.[1]

On May 3, 2022, the State filed an in rem complaint for forfeiture of the RV and the bill counter listing Stalik as the claimant. Stalik filed an answer and a motion to dismiss on June 7, 2022, denying that the warrantless search was valid and alleging that the seizure and forfeiture of the RV were legally insufficient. Stalik verified the answer and acknowledged that he was "the owner of the vehicle."[2] Stalik moved to dismiss, contending that the complaint alleged bare conclusions and failed to plead facts. Stalik also claimed that the

---

[1] Stalik's probation was transferred to Oregon, where he lives.

[2] Arkansas Code Annotated section 5-64-505(g)(4)(A) (Repl. 2024) provides:

Subject to the Arkansas Rules of Civil Procedure, with regard to a person arrested for an offense giving rise to a forfeiture action, the owner or interest holder of the seized property shall file with the circuit clerk an answer to the complaint that shall include:

(i) A statement describing the seized property and the owner's or interest holder's interest in the seized property, with supporting documents to establish the owner's or interest holder's interest;

(ii) A certification by the owner or interest holder stating that he or she has read the answer and that it is not filed for any improper purpose;

(iii) A statement setting forth any defense to forfeiture; and

(iv) The address at which the owner or interest holder accepts mail.

requirement of Arkansas Code Annotated section 5-64-505(g)(4)—that he file a verified answer detailing why he is entitled "to the money"—violated his rights to both due process and equal protection because the State had no similar requirement of the seizing officer. He asked that the circuit court declare the statute unconstitutional.

A hearing took place on the State's petition for forfeiture on November 9, 2023.[3] Stalik conceded that the RV was subject to forfeiture but argued that any forfeiture should be subject to an alleged security interest held by his father, Gary Fry. Stalik testified that he acquired the RV in September 2020 and borrowed money from Fry to purchase it. Stalik introduced a "loan agreement" dated September 8, 2020, identifying Fry as the "loaner" and Stalik as the "borrower." The agreement provides that Fry agreed to loan Stalik $75,000 to purchase the RV, and Stalik agreed to pay monthly installments of $800 until paid in full on or before September 8, 2028. Stalik said that he paid $800 a month beginning September 8, 2020, and still owed approximately $45,000 or $46,000 of the $75,000 loan. When asked if the loan agreement was filed as a security interest in Oregon, Stalik said yes. Following this response, his counsel asked, "And, so, [Fry] has a security interest in Oregon, where you live?" Stalik answered, "Yes."

After hearing arguments of counsel, the circuit court ruled that the RV be forfeited to the State. In regard to Stalik's contention that the RV should be forfeited subject to Fry's security interest, the court concluded:

---

[3]At the outset of the hearing, Stalik withdrew his motion to dismiss, stating that it was rendered moot by his guilty plea, and made no argument on his constitutional claim.

The Court has considered [Stalik's] request regarding the ~ either the reimbursement regarding their claim for equity in said vehicle, either to repay Mr. Stalik or repay the seller, the loaner of this subject property, Mr. Fry, and I find the evidence regarding that subject loan to be insufficient; therefore, the Court is going to deny [Stalik's] request for reimbursements to be made. That will be the order of the Court.

A judgment was entered on December 7, 2023, and this appeal followed.

A forfeiture is an in rem proceeding, independent of a criminal charge, and is to be decided by the circuit court by a preponderance of the evidence. *Gregory v. State*, 2011 Ark. App. 131, at 6, 381 S.W.3d 168, 172. We do not set aside a circuit court's decision granting forfeiture unless it is clearly erroneous. *Id.*, 381 S.W.3d at 172. The decision is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing all the evidence is left with a definite and firm conviction that a mistake has been made. *Id.*, 381 S.W.3d at 172. Credibility determinations are left to the circuit court, and we will not reweigh the evidence on appeal. *Simmons v. State*, 2024 Ark. App. 42, at 4–5, 683 S.W.3d 231, 233.

On appeal, Stalik argues that the circuit court clearly erred in finding that the forfeiture was not subject to Fry's security interest in the RV.[4] Arkansas Code Annotated section 5-64-505(a)(4)(D) provides:

> (a) ITEMS SUBJECT TO FORFEITURE. The following are subject to forfeiture upon the initiation of a civil proceeding filed by the prosecuting attorney and when so ordered by the circuit court in accordance with this section, however no property is subject to forfeiture based solely upon a misdemeanor possession of a Schedule III, Schedule IV, Schedule V, or Schedule VI controlled substance:

---

[4]Stalik does not challenge the forfeiture of the bill counter.

. . . .

(4) Any conveyance, including an aircraft, vehicle, or vessel that is used or intended for use to transport or in any manner to facilitate the transportation for the purpose of sale or receipt of property described in subdivision (a)(1) or subdivision (a)(2) of this section, however:

. . . .

(D) A forfeiture of a conveyance encumbered by a bona fide security interest is subject to the interest of the secured party if the secured party neither had knowledge of nor consented to the act or omission[.]

Ark. Code Ann. § 5-64-505(a)(4)(D) (Repl. 2024).

In support of his argument, Stalik contends *State v. Gray*, 322 Ark. 301, 908 S.W.2d 642 (1995), is instructive but not on point. In *Gray*, the State sought forfeiture of a van that had been seized from Debbie and Mike Gray. The van, however, was encumbered by a prior security interest that exceeded the fair market value of the van. As a result, the State sought to substitute the Grays' other assets for the value of the van that had been seized if it established that the van was subject to forfeiture. The circuit court ruled that the State could not, but the supreme court reversed on appeal, holding that "under Ark. Code Ann. § 5-64-505(*o*), the State may proceed to seek forfeiture of 'any other assets,' even though they are not connected to the underlying crime, when forfeitable assets used in the underlying crime are unreachable under the provisions of Ark. Code Ann. § 5-64-505(a)(4)(iv) (Repl. 1993)." *Id.* at 308, 908 S.W.2d at 646.

Stalik cites *Gray* for the proposition that "it was clear that a vehicle encumbered by a lien could not be forfeited under the plain language of the statute." However, his reliance

5

on *Gray* is misplaced because the parties in *Gray* stipulated that the van was encumbered by a prior security interest.[5] Unlike *Gray*, the parties here did not stipulate that a security interest existed. In addition, Stalik's answer to the in rem complaint did not mention the loan agreement or Fry's alleged security interest. The first mention of the loan agreement contained in the record was at the outset of the hearing when it was introduced as a defense exhibit.

Stalik further argues that the introduction of the loan agreement itself was sufficient to prove by a preponderance of the evidence that the RV was encumbered by a security interest. He asserts that if the agreement had been signed by a bank instead of his father, there would likely have been no question as to its enforceability. He further argues that there was no evidence that the loan agreement with his father is not genuine or not made in good faith simply because it was between him and his father. He states that he is still responsible for the remaining debt although the RV has been seized. As a result, Stalik contends that the circuit court clearly erred in finding that the evidence of the lien was insufficient and that Arkansas Code Annotated section 5-64-505(a)(4)(D) is clear that the forfeiture of a conveyance is subject to any existing security agreement.

---

[5]Additionally, when the State notified the Grays that it had seized their van because it had been used to transport drugs, the Grays responded by filing a notice that the van was mortgaged to a bank and had an outstanding balance of $5058.09; they attached a copy of the note and security agreement and the certificate of title that reflected the bank's existing lien.

This court reviews issues of statutory construction de novo. *Herrod v. State*, 2022 Ark. App. 107, at 6, 641 S.W.3d 89, 92. In reviewing statutory construction, we give effect to the intent of the General Assembly as the basic rule. *Id.*, 641 S.W.3d at 92. In determining the meaning of a statute, we read it just as it is, giving the words their ordinary and usually accepted meaning in common language. *Id.*, 641 S.W.3d at 92. We construe the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Id.*, 641 S.W.3d at 92. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, we do not resort to rules of statutory construction. *Id.* at 6, 641 S.W.3d at 92–93.

The statute at issue does not define the meaning of "bona fide." *Black's Law Dictionary* defines "bona fide" as "[m]ade in good faith; without fraud or deceit[.]" *Black's Law Dictionary* 217 (12th ed. 2024). Here, the evidence regarding whether the loan was made in good faith or without fraud or deceit was Stalik's testimony that he borrowed money from Fry to purchase the RV and that Fry had a security interest in the RV.[6] Stalik also introduced the loan agreement, testified that he still owed Fry about $45,000, and testified that Fry had filed a security interest in the RV in Oregon. However, there was no other evidence introduced to support his testimony, such as a title showing Fry's security interest or proof of payments he allegedly made pursuant to the agreement. Significantly, Fry did not testify at the hearing.

---

[6]Counsel for the State in closing stated that nothing turned up when the VIN was run, so the State was not sure if the loan agreement was valid.

On the evidence presented, or lack thereof, the circuit court concluded there was insufficient evidence of the loan agreement to establish that Fry had a bona fide security interest in the RV. This decision turned on the weight and credibility of the evidence, which are matters for the circuit court. *See Simmons*, *supra*. Accordingly, the circuit court's judgment forfeiting the RV to the State is not clearly erroneous.

In addition, the statute provides that a "forfeiture of a conveyance encumbered by a bona fide security interest is subject to the interest of the secured party if the secured party neither had knowledge of nor consented to the act or omission[.]" Ark. Code Ann. **§** 5-64-505(a)(4)(D). Even assuming there was sufficient evidence that Fry had a bona fide security interest in the RV, the statute also requires that "the secured party neither had knowledge of nor consented to the act or omission" giving rise to the forfeiture. *Id.* Here, Stalik did not present any evidence establishing either Fry's lack of knowledge of or Fry's consent to Stalik's use of the RV to transport drugs.

In conclusion, we hold that the circuit court's decision granting forfeiture is not clearly erroneous.

Affirmed.

GLADWIN and THYER, JJ., agree.

*John Wesley Hall* and *Samantha J. Carpenter*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.